ANDREW M. LINDSEY v. LEVIN H. LUCKETT.

Every Court of limited powers must determine its own jurisdiction in the first in-
stance.  That does not preclude another Court, of general powers, from mak-
ing the same inquiry.

It is therefore competent for the District Court to inquire into the fact of whether
or not the Commissioners' Court did acquire jurisdiction of this case, (a con-
tested election for District Surveyor,) although an appeal or writ of error can-
not be taken from the latter to the former Court.

The notice and statement of the grounds on which a party intends to contest the
election of any one holding a certificate of election to a county office, which are
required to be served on the latter within ten days after return day, are the
predicate upon which the power of the County Court is set in motion, and
without which, within the time prescribed, that Court has no jurisdiction to
investigate the validity or event of such election.

A mandamus is the proper remedy to recover possession of an office to which the
plaintiff has been elected and commissioned.

Appeal from Bexar.    Tried below before the Hon. Thomas
J. Devine.
The venue was changed by consent to Bexar county.
The facts are stated in the Opinion.

*Hancock & West*, for appellant.  (We were not furnished
with the brief of appellant's counsel, in this case.   The trial of
a contested election, in such a case, by the County Court of one
of the counties composing the district, is anomalous.   Perhaps
provision therefor is found in the Act organizing Guadalupe
county, which we have not now at hand.—REPS.)

*I. A. & G. W. Paschal*, for appellee.   The grounds of error
assigned, either go behind or attack the County Court's judg-
ment.   To this we have three answers.

1. That the County Court had exclusive jurisdiction of the sub-
ject matter, and there was no appeal to the District Court either
directly, indirectly, or collaterally.

2. That even if this were not so, the errors, if any, could not

be reached except by appeal or certiorari; and therefore the judgment was a complete annulment of the defendant's right.

3. But there is no valid objection to the judgment.

Did the County Court have exclusive jurisdiction of the subject matter?

We think that it has been expressly held, by this Court, that upon the subject of elections the jurisdiction of the County Court is exclusive, and their judgments final and conclusive. (O'Docherty v. Archer, 9 Tex. R. 295; Truehart v. Addicks, 2 Id. 217; Arberry v. Beavers, 6 Id. 457; Walker v. Tarrant county, No. 955, at this Term of the Court.)

The County Court was competent to determine its own jurisdiction; and having determined it, this Court will not disturb its judgment. (Burditt v. Sillsbee, at the last Term.) Every presumption will be indulged in favor of the jurisdiction. (Cook v. Halsey, 16 Peters, 71; Thompson v. Tolmie, 2 Id. 171; The United States v. Arredondo, 6 Id. 720; Voorhies v. The Bank of the United States, Id. 473; The Philadelphia and Trenton Railroad Co. v. Stimpson, 14 Id. 458, cited and approved by this Court in Truehart v. Addicks.)

The second proposition is familiar; and there have been few departures from it from the Dutchess of Kingston's case down to the present time. (Curry v. York, 3 Tex. R. 357; Punderson v. Love, Id. 60; Yates v. Houston, Id. 433; Sutherland v. De Leon, 1 Id. 250; Dennison v. Ingram, Dallam, 319; Foster v. Wells, 4 Tex. R. 101; Soye's Heirs v. McCallister, and Alexander v. Maverick, at the last Term; Tucker v. Harris, 13 Ga. 1, which exhausts all the authorities.)

Certainly there has been no disposition shown by this Court to depart from the well settled principles of law, in favor of the conclusiveness of judgments, (1 Greenl. Ev. § 19, 525, 526 and 528; Clay v. Clay, 13 Tex. R. 195.)

Our third proposition, like the first and second, assumes that the County Court had jurisdiction; and for the sake of the argument admits, that there may have been delay beyond the statutory time in commencing the suit; yet we hold, that it is no such irregularity as upon appeal or writ of error would vitiate the proceedings. The office is a public one, in which the whole community is interested, and the will of the sovereign people is not to be defeated by the mere neglect of officers to perform those ministerial duties required of them by law. Indeed the neglect

of the parties, or even connivance, will not be allowed to defeat the expressed will of the people.

All election statutes are but directory ; and their observance or non-observance is never the question; but upon a contestation the inquiry always is, what has been the fair result of the election ?

We might amplify the argument to support this, but we prefer to confine ourselves to precedent.

This Court has approved precedents which hold, that failures of the officers to do their duty cannot defeat the will of the people. And that all these statutes are merely directory. (See Truehart v. Addicks, already cited.)

Again, this Court has affirmed the principle in The People on relation of Enos v. Albany, C. P. 7 Wend. 485, which answers the whole objection as to regularity of the judgment.

Again, in Truehart v. Addicks this Court affirms the principle so clearly expressed in The People v. Allen, 6 Wend. 486, and the cases there cited, viz : Colt v. Eves, 12 Conn. Rep. 244, 253 and 255, and cases cited.

ROBERTS, J. This is a suit for the office of District Surveyor of the Travis District, instituted by Luckett against Lindsey, and the remedy adopted is mandamus.

Appellee claims the office by virtue of his election on the ninth day of March, 1857, and a commission by the Governor in pursuance thereto.

For cause against a peremptory mandamus, appellant shows that a regular election was held for the office on the 4th day of August, 1856, and upon counting the votes by the County Commissioners of Travis county, he received a majority of the votes returned, and was declared duly elected and received a certificate of election ; upon which the Governor issued to him a commission on the 28th day of August, 1856; and that thereby he was entitled to the office for the term of two years thereafter. He further shows, in his answer, by a certified transcript of the proceedings in the Commissioners' Court of Travis county, that on the 2d day of October, 1856, he was cited by the Sheriff of Travis county to answer a petition filed in said Court by appellee for the purpose of contesting his election on the ground that he, Luckett, had received a majority of the votes at said election, but that said Lindsey had received the certificate, " because the

returns were not received within twenty days, from Gaudalupe county;" that at a special session of said Court, Lindsey having been notified thereof, held in January, 1857, said contest was tried and determined. Lindsey objected to the Court taking cognizance of the contest, because the proceedings were not instituted according to the statute so as to give that Court jurisdiction, and because the contest was not commenced in the time limited by law, to wit, in ten days from the day of counting the votes. These objections being overruled, the Court proceeded to count the votes, including those from Gaudalupe county, which were returned on the 5th day of September, 1856, and Luckett appearing to have received a majority of all the votes, the election was declared null and void, and the Chief-Justice ordered a new election.

It was under this new election thus ordered that Luckett claims the office.

The question is was this determination by the Commissioners' Court, vacating the office, a valid proceeding; or was it a nullity for want of jurisdiction? The statute under which the election was contested reads as follows:—

(Sec. 18.) "That any person intending to contest the election of any one holding a certificate of election, shall, within ten days after the return day, give him notice thereof in writing, and deliver to him a statement in writing of the grounds on which he relies to sustain such contest; and the person elect as aforesaid, shall, within ten days after receiving such notice, deliver or cause to be delivered his reply to the statement of the contestor." (Sec. 19.) "That the notices and written statements provided for in the foregoing Section, shall be served on the opposite party in person," &c. (Sec. 20.) "That if the contest be for the validity of an election for any county officer, a copy of the notices and other papers served on the parties, shall be filed with the Clerk of the County Court; and as soon as convenient the County Court shall convene in special session for the trial of the contest," &c. (Hart. Dig. Art. 917–8–9.) There is no doubt but that this County Court had jurisdiction of the subject matter of a contested election for that office. That is not disputed.

Notice of the contest was not given within ten days after return day, and there were no notices and statements of the grounds of contest made out by the parties and filed with the Clerk of the County Court.

Upon these grounds it is contended that the Court did not acquire jurisdiction of the case.

Every Court of limited powers must determine its own jurisdiction in the first instance; and so it must do, when it assumes to hear and determine a case. That does not preclude another Court, of general powers, from making the same inquiry; if it did, the judgment of every Court, however special and limited its authority, would be conclusive in all cases, except where some other Court was vested with appellate or revising powers. It is therefore competent for the District Court to inquire into the fact of whether or not the Commissioners' Court did acquire jurisdiction of this case, although an appeal or writ of error cannot be taken from the latter to the former Court.

In order to determine whether it is necessary to give notice within ten days after return day, it is important to have in view that in every election there are two distinct interests involved. First, the Government is interested, that a majority of the electors shall have the choice they have made, as made known in the manner prescribed by law. And it is interested that no one shall usurp or fraudulently acquire an office contrary to law. It has its remedies in such cases by which it can oust such unlawful intruder.

Secondly, the candidates have an interest in connection with the office. If the majority of the electors manifest their will in favor of one of them at the election, he thereby acquires an incipient right to the office. This will is yet to be ascertained by the mode prescribed, as in this case by a return of the votes to the Chief-Justice of Travis county, and by his counting them and declaring the result in his favor. If his right, thus founded, is about to be defeated by the agents who have been appointed to determine the result, and the certificate of election be given to another, what then is his remedy to protect this incipient right? The law has given him the right to contest the election. This is the remedy adopted by appellee, in this case. May he adopt this remedy at any time during the two years that appellant would hold the office? The law giving the remedy limits it to within ten days from the return day. Nor can it be reasonably supposed that the Legislature intended that a question as to the validity of the election, as between the candidates, should remain open during the whole term of service. The law giving the remedy also prescribes the manner in which the contesting party shall avail himself of it, by notice and statement, within the ten

days, served on the party holding the certificate. This notice and statement of the grounds of contest, filed with the Clerk, are made the predicate upon which the power of the Court is set in motion. This was not complied with in this case, nor was it waived by the party. The appellee therefore has not complied with the law of the remedy which he has sought, either as to time or manner of presenting it. That Luckett should avail himself of this remedy within the ten days and not after, is manifested by the terms of the statute, " that any person intending to contest the election of any one holding a certificate of election," &c. After the time for contesting the election has elapsed, the person holding this certificate is entitled to a commission if his right be not contested. And it is obviously intended that this remedy should be set in motion while the party's right to the office depended upon the certificate, and should not be delayed until after the ten days when he would have a right to a commission. Had not this been contemplated, the statute would have read, "any one holding a certificate of election or commission." Again, it is the policy of the government that these disputes between individuals for office should be summarily and promptly settled. Time is given for this purpose in all our elections, and that time extends from ten to thirty days, according to the extent of country in which the election is held. So the time of making the returns of election is regulated with reference to extent of country. In this case appellee had thirty days from the day of election to ascertain the facts pertaining to the election and take the necessary steps to protect his individual right to the office. This he neglected to do and thereby waived his right to complain.

The Commissioners' Court therefore, we conclude, did not acquire jurisdiction of this case, and had no right thus to declare the office vacant.

The appellee based his right to the office exclusively on the election which was ordered after the office was thus illegally declared vacant, and he adopted the remedy of mandamus, which has been held the appropriate one to test his right to it. (Barton v. Wilson, 4 Tex. R. 407.)

The office not being vacant, his right to the office by virtue of that election must fail, and the Court below erred in issuing the peremptory mandamus in his favor.

Judgment reversed and appellant be restored to the office.

Reversed and reformed.