GULLY, STATE TAX COLLECTOR, ET AL. *v.* INTER-STATE NATURAL GAS CO.

No. 651.   Argued March 15, 1934.—Decided April 2, 1934.

*Mr. Edward W. Smith*, with whom *Mr. Greek L. Rice*, Attorney General of Mississippi, and *Mr. J. A. Lauderdale*, Assistant Attorney General, were on the brief, for the Tax Collector, appellant.

Mr. *Weaver E. Gore* filed a brief on behalf of the Tax Commission of Mississippi, appellant.

Messrs. *David Clay Bramlette* and *Garner W. Green,* with whom Messrs. *William A. Dougherty, Marcellus Green, Walter P. Armstrong,* and *Thomas A. McEachern* were on the brief, for appellee.

PER CURIAM.

Appellee brought this suit in the District Court of the United States for the Southern District of Mississippi seeking to enjoin state officers from proceedings to assess its property for the years 1927 to 1931, inclusive, upon the ground that the proposed assessments would impair the obligation of a contract by which the Company had secured an exemption from taxation. Chapter 138, Laws of Mississippi of 1922, and Chapter 172, Laws of 1926. The challenged proceedings were taken pursuant to a statute which authorized assessments in cases where it was ascertained that in past years property had escaped taxation. See Chapter 214, Laws of 1928; Chapter 291, Laws of 1932; Mississippi Code of 1930, §§ 3226 and 6992; Code Supp., 1933, §§ 3204, 3208. It appeared that on April 14, 1933, at the instance of the State Tax Collector, the State Tax Commission had made assessments of appellee's property for prior years, subject, however, to objections to be made and filed with the Commission on or before May 23, 1933. Appellee, instead of availing itself of that opportunity, filed its bill in this suit on May 16, 1933.

The District Judge, on an application for an interlocutory injunction, considering § 266 of the Judicial Code to be applicable, called to his assistance two other judges; and the District Court, as thus composed, granted an injunction restraining defendants from approving and enforcing the proposed assessments. Motions to dismiss

the bill for want of equity were denied. An agreed statement of facts was filed and on final hearing the District Court of three judges made the injunction permanent. The court stated in its findings that it had been agreed that the assessment order would certainly be made final.

No substantial question was presented as to the validity of the statute authorizing assessments of property which had escaped taxation. The statute did not specify the property of appellee and it authorized assessments only of property that was taxable.

A mere assessment is not a statute or an order of an administrative board or commission within the meaning of § 266 of the Judicial Code. *Ex parte Williams,* 277 U.S. 267, 272. The decision in *City Bank Farmers' Trust Co.* v. *Schnader,* 291 U.S. 24, is not to the contrary. Hence, there was no occasion for constituting a court of three judges. As the case was not one within § 266, the merits cannot be brought to this Court by a direct appeal. Compare *Smith* v. *Wilson,* 273 U.S. 388, 389, 391; *Healy* v. *Ratta,* 289 U.S. 701. But, although the merits cannot be reviewed here in such a case, this Court by virtue of its appellate jurisdiction in cases of decrees purporting to be entered pursuant to § 266, necessarily has jurisdiction to determine whether the court below has acted within the authority conferred by that section and to make such corrective order as may be appropriate to the enforcement of the limitations which that section imposes. The case is analogous to those in which this Court, finding that the court below has acted without jurisdiction, exercises its appellate jurisdiction to correct the improper action. *Assessors* v. *Osborne,* 9 Wall. 567, 575; *Mansfield, C. & L. M. Ry. Co.* v. *Swan,* 111 U.S. 379, 387–389; *Union & Planters' Bank* v. *Memphis,* 189 U.S. 71; 73, 74; *Shawnee Sewerage Co.* v. *Stearns,* 220 U.S. 462, 471, 472; *Piedmont & Northern Ry. Co.* v. *United States,* 280 U.S. 469, 477, 478; *Stratton* v. *St. Louis S. W. Ry. Co.,* 282 U.S. 10, 18.

In this instance, relief cannot be afforded by treating the decree of the District Court as appealable to the Circuit Court of Appeals, notwithstanding the participation of three judges (cf. *Healy* v. *Ratta,* 67 F. (2d) 554, 556), as the time for appeal to that Court has expired. In these circumstances, without passing upon the merits, the appropriate action is to reverse the decree below and to remand the cause to the District Court for further proceedings to be taken independently of § 266 of the Judicial Code.

*Reversed.*