**NEW FRIENDSHIP BAPTIST CHURCH, Appellant,**

v.

**Clem COLLINS, Appellee.**

**No. 358.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 11, 1970.

Rehearing Denied April 8, 1970.

Gerald S. Gordon, Strickland & Gordon, Houston, for appellant.

Cullen Poe, Brigman, Martin & Smith, Houston, for appellee.

BARRON, Justice.

This is a forcible entry and detainer suit. Suit was originally filed by New Friendship Baptist Church, also known as New Friendship Missionary Baptist Church, against Clem Collins, in the Justice Court of Harris County, Texas, precinct #1. New Friendship Baptist Church is an unincorporated religious association hereinafter referred to as appellant, and Clem Collins, appellee, is appellant's pastor and sole trustee. Appellant obtained a default judgment in the justice court, and thereafter appellee appealed to the County Civil Court at Law. On trial de novo appellee defended his possession of the property in question by contending that title to the premises in controversy was in him as sole trustee for New Friendship Baptist Church. Appellee subsequently moved to dismiss the case for want of jurisdiction because the right to possession could not be determined without an adjudication of title. The trial court dismissed this cause for lack of jurisdiction. From this judgment appellant has perfected its appeal. Appellee has moved to dismiss the appeal.

In the recent case of Pizanie v. Citizens Investment Company, 448 S.W.2d 803 (Tex. Civ.App.1969, writ ref.), this Court made the following statement:

"Article 3992, Vernon's Ann.Tex.Civ.St., provides that no appeal lies to the Court of Civil Appeals from a judgment of the county court in a forcible detainer suit unless the judgment awards damages in excess of $100. That statute controls the motion to dismiss. Keils v. Waldron, Tex.Civ.App., 240 S.W.2d 788, no writ hist."

We are of the opinion that this statement is controlling in the instant case. A judgment of dismissal is a perfect and final judgment and is an end to a lawsuit until properly set aside. Witty v. Rose, 148 S.W.2d 962, 964 (Tex.Civ.App.1941), writ dismd.; Texas Reciprocal Ins. Ass'n v. Leger, 92 S.W.2d 482 (Tex.Civ.App. 1936), rev'd on other grounds, 128 Tex. 319, 97 S.W.2d 677. The judgment of dismissal for want of jurisdiction in the instant case is therefore within the rule stated by this Court and approved by the Supreme Court in the Pizanie case. See also Delgado v. Chapa, 173 S.W. 1169 (Tex.Civ.App.), no writ; Madison v. Martinez, 56 S.W.2d 908 (Tex.Civ.App.), writ ref. A dismissal based on lack of jurisdiction, however, does not bar the plaintiff from bringing an action on the same cause in a court having jurisdiction. Small v. Small, 434 S.W.2d 940 (Tex.Civ.App., 1968), writ ref., n. r. e. Since plaintiff's remedy does not lie in appeal to this Court, the motion to dismiss this appeal is granted and the same is hereby dismissed.

In Family Investment Co. of Houston v. Paley, 356 S.W.2d 353 (Tex.Civ.App.), writ dismd., judgment for damages in excess of $100 was rendered by the trial court. Hence, that case is not in point here.