Eugene VICKREY, Appellant,

v.

Mac SYMES, Appellee.

No. 852.

Court of Civil Appeals of Texas, Tyler.

Sept. 18, 1975.

L. Royce Coleman, Jr., Coleman & Baldridge, Denton, for appellant.

Jerry Bain, Tyner, Bain & Tyner, Tyler, for appellee.

McKAY, Justice.

Appellant filed suit in forcible detainer against Appellee in Justice Court in Smith County, Texas, for possession of certain premises in Tyler; and, after a jury trial in that court, judgment was rendered for Appellee. Appellant then appealed to the County Court at Law of Smith County where, after trial de novo before a jury, judgment was rendered that Appellee have possession of the premises in question.

Appellant brings several points of error in his appeal to this Court complaining that under the one special issue submitted[1] to the jury the case became a trial of title to real property, that there was insufficient evidence to support the jury finding, that the court should have granted Appellant a money judgment for rent and that the special issue was a general charge.

We are met at the outset with the assertion by Appellee that this court has no jurisdiction to consider the appeal insofar as Appellant seeks relief from that portion of the judgment awarding possession of the property to Appellee. Appellee maintains that a forcible detainer suit is a special proceeding and is governed by special statutes, and that the right of possession was the only issue tried in the justice court and in the county court and that the judgment of the county court is final, and not appealable. We agree with Appellee's contention.

It seems to be well settled that no appeal may be taken from a judgment of the county court in a forcible detainer suit, unless the judgment awards damages in excess of $100, and this court has no jurisdiction to consider such appeal on the question of possession. When damages are awarded in excess of $100, then only the damage portion of the appeal may be considered. Art. 3992, V.A.T.S.; *Williamson v. Johnson*, 492 S.W.2d 327 (Tex.Civ.App.—Tyler, 1973, n.w.h.); *New Friendship Baptist Church v. Collins*, 453 S.W.2d 529 (Tex. Civ.App.—Houston (14th Dist.), 1970, n.w.

h.); *Pizanie v. Citizens Investment Co.*, 448 S.W.2d 803 (Tex.Civ.App.—Houston (14th Dist.), 1969 writ ref'd).

We hold that this court does not have jurisdiction to consider the question of possession of the premises. Further, we hold that this court does not have jurisdiction to consider whether the trial court erred in submitting the special issue on the grounds that it constituted a general charge. The special issue concerned the question of possession and is not reviewable by this court. See authorities cited above.

Appellant sued for possession as well as damages for the rental value of the premises during what Appellant alleged was a hold-over period after Appellant was entitled to possession. In the justice court Appellant alleged the damage to be "at least $2,000," while in the county court he alleged that Appellee had mailed to Appellant two cashier's checks for $1,818 and $600, and Appellant tendered these checks into the registry of the court "to pay off and discharge any judgment entered in this cause for back rent." The record reveals that Appellee continued to deposit into the court $600 for each month thereafter to the time of trial. In the county court judgment the sums of money paid into the registry of the court by Appellee were awarded to Appellant.

Appellant's only point concerning his damage claim complains that the court erred in refusing to render judgment for him "for the fair rental value of the premises in the amount of $1,500 per month after July 18, 1974, to the date of the trial."

The record reveals that no issue on damages was submitted to the jury and that Appellant did not request submission of a damage issue. Rule 279, T.R.C.P. provides that "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in

1. "Who do you find from a preponderance of the evidence to be entitled to the posses-

sion of the premises in question? Answer *Mr. Mac Symes.*"

writing and tendered by the party complaining of the judgment * * * ." The judgment of the county court awarded possession to Appellee and awarded to Appellant all sums of money paid into the registry of the court by Appellee. Therefore, it appears that Appellant could not recover any further damages because all independent grounds of recovery not conclusively established under the evidence and upon which no issue is given or requested is waived. Rule 279, T.R.C.P. There is no request in the record by Appellant that the trial court make any finding on damages. This point is overruled.

Appellant also asserts that the trial in the county court was a trial of title to real estate and was not within the jurisdiction of that court; and, therefore, that court's judgment is void. We overrule this contention. The only issue submitted to the jury was on the question of possession. The question of possession is within the jurisdiction of the county court, and the judgment was not void. Rules 746 and 749, T.R.C.P.

The attempted appeal from the trial court's judgment granting possession of the premises to Appellee is dismissed; in all other respects the judgment of the trial court is affirmed.