Erick F. **MEYER**, Appellant,

v.

Arthur **YOUNG**, Jr., Appellee.

No. 12479.

Court of Civil Appeals of Texas, Austin.

Dec. 15, 1976.

**38**

Aubrey Davee, Gerald L. Johnson, Davee & Johnson, Brady, for appellant.

Drew Darby, Marschall, Hall, McLaughlin & Lane, San Angelo, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from a dismissal in the county court of an appeal from the justice court in a forcible entry and detainer case.

We reverse the judgment and remand the cause to the county court for trial in accordance with this opinion.

The court's dismissal for lack of jurisdiction was apparently based on two special exceptions raised by appellee; one, that no court cost deposit was made within five days of the granting of the judgment in the justice court; the other, that no notice of appeal was given in the justice court.

In our judgment, the county court was in error in granting these exceptions. With respect to the first ground, Rule 749, Texas Rules of Civil Procedure, states that appeal is perfected to the county court by filing a bond in the justice court within five days after rendition of judgment, such bond to be approved by the justice of the peace on condition that appellant will prosecute his appeal with effect or pay all costs and damages which may be adjudged against him. Here, judgment was rendered on January 20, 1976, and appellant's appeal bond was approved on January 23, 1976, by the justice of the peace. This meets the requirement of Rule 749.

With respect to the question of notice of appeal, Rule 749 does not provide for a party to give notice of appeal in the justice court.[1]

Appellee has a motion before us asking that we dismiss the appeal because of the provisions of Article 3992, Vernon's Civil Statutes, which state: "The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars."

There were no damages sought in this case nor were any awarded; however, as

---

1. An amendment to Rule 749 enacted in 1947 deleted the requirement that notice of appeal be given in the justice court.

the county court was in error in refusing to hear the case on the question of possession, we hold that it had jurisdiction to determine the merits of the controversy, and that we have jurisdiction to determine the points of error presented on this appeal. *Jim Walter Corporation v. Bass,* 356 S.W.2d 356 (Tex.Civ.App.1962, no writ), *Estate of Zamaro v. Rodriguez,* 517 S.W.2d 838 (Tex. Civ.App.1975, no writ).

We are aware that there are cases[2] holding to the contrary however, the sense of Art. 3992 seems to contemplate a hearing on the merits in the county court with respect to possession before that court's judgment becomes nonappealable. This is so in spite of the fact that a judgment of dismissal has been held to be a final judgment. *Witty v. Rose,* 148 S.W.2d 962 (Tex. Civ.App.1941, writ dism'd).

To hold to the contrary would deny the appellant his day in court where a jurisdictional error of the county court is apparent from the face of the record.

Appellee's motion to dismiss is overruled, and the judgment is reversed and the cause is remanded to the county court.

SHANNON, Justice (concurring).

I concur.

Arthur Young, Jr., filed a forcible detainer suit in the justice court of Precinct Number One in McCulloch County. The defendant in that suit was Erick F. Meyer. The trial resulted in judgment for Young. Meyer appealed to the county court of McCulloch County.

The judgment of the county court recited that the parties and their attorneys appeared, ". . . and announced ready upon Appellee's Special Exceptions to the appeal of Appellant, and such appeal and exceptions thereto having been heard . . it is the opinion of the Court that the law is with the Appellee."

The judgment ordered ". . . such appeal be, and the same is hereby dismissed . . ." The judgment did not award any damages.

The county court regarded, and necessarily treated, the special exceptions as pleas to its jurisdiction. Having determined those exceptions (pleas) adversely to Meyer, the court dismissed the appeal.

Texas Rev.Civ.Stat.Ann. Art. 3992 provides that no appeal lies to the Court of Civil Appeals from a judgment of the county court in a forcible detainer suit unless the judgment awards damage in excess of one hundred dollars. *Pizanie v. Citizens Investment Company,* 448 S.W.2d 803 (Tex. Civ.App.1969, writ ref'd).

Although Art. 3992 precludes appellate review on the merits in a forcible detainer suit, the statute does not prevent this Court from determining whether the county court had jurisdiction of the cause.

Every court of limited powers must determine its own jurisdiction in the first instance, and it does so when it assumes to hear and determine a case or when it refuses to hear and determine a cause. That does not preclude another court of general powers from making the same inquiry. If another court were precluded from determining the lower court's jurisdiction, the judgment of every court, however special and limited its authority, would be conclusive in all cases, except where some other court was vested with appellate powers. *Lindsey v. Luckett,* 20 Tex. 516 (1857), see *Leslie v. Griffin,* 25 S.W.2d 820 (Tex.Com. App.1930, jdgmt. adopted); *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957). A similar rule obtains in the federal courts. *Gully v. Interstate Natural Gas Co.,* 292 U.S. 16, 54 S.Ct. 565, 78 L.Ed. 1088 (1934), *United States v. Corrick,* 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263 (1936).

---

**2.** *New Friendship Baptist Church v. Collins,* 453 S.W.2d 529 (Tex.Civ.App.1970, no writ),

*Kerlin v. Bassett,* 152 S.W. 526 (Tex.Civ.App. 1912, no writ).