**Walter WOOLLEY, Appellant,**

v.

**Beulah BURGER, Appellee.**

**No. 9240.**

Court of Civil Appeals of Texas, Amarillo.

June 30, 1980.

Danna K. Archer, Amarillo, Dorothy Alexander, Reydon, Okl., for appellant.

Dubuque & Foster, J. Anthony Foster, Jr., Dumas, for appellee.

COUNTISS, Justice.

This is a forcible entry and detainer action. We have raised, sua sponte, the question of our jurisdiction of the appeal and, pursuant to our request, the parties have filed briefs on the question. We conclude that we do not have jurisdiction and must dismiss the case.

Appellee Beulah Burger sued appellant Walter Woolley in the justice court of Ochiltree County, Texas, seeking possession of certain real property, damages, attorney's fees and costs. Woolley answered but failed to appear for trial. The justice court awarded Burger possession of the real property, attorney's fees and costs. Woolley then attempted to appeal to the county court. The county court found that Woolley had failed to properly perfect his appeal, concluded that it had no jurisdiction to hear the merits of the case and remanded the case to the justice court "for the issuance of appropriate writs and execution." Woolley subsequently initiated the appeal to this court. By two points of error in his appellant's brief, Woolley attacks the county court's determinations that he had not perfected his appeal to the county court and that the county court did not have jurisdiction of the case.

The appeal of a forcible entry and detainer suit to this court is controlled by article 3992[1] of the Texas Revised Civil Statutes Annotated which states:

The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars.

The statute has, with one exception discussed below, consistently been construed to limit appeal beyond the county court to the single issue of the correctness of an award of damages in excess of one hundred dollars. *Williamson v. Johnson*, 492 S.W.2d 327, 329 (Tex.Civ.App.—Tyler 1973, no writ); *Pizanie v. Citizens Investment Company*, 448 S.W.2d 803 (Tex.Civ.App.—Hous-

ton [14th Dist.] 1969, writ ref'd). An appeal of any other issue is outside the jurisdiction of this court and must be dismissed for want of jurisdiction. See *Powell v. Mel Powers Inv. Builder*, 590 S.W.2d 837, 839 (Tex.Civ.Ap.—Houston [14th Dist.] 1979, no writ). Whether the county court tries the case on the merits or dismisses the case, its judgment finally disposing of the case is conclusive on all issues except damages in excess of one hundred dollars. See *New Friendship Baptist Church v. Collins*, 453 S.W.2d 529, 530 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

In this case the county court entered a final judgment disposing of the cause. That judgment is conclusive on all issues brought before this court by Woolley. We, therefore, have no jurisdiction of this appeal.

We are aware that *Meyer v. Young*, 545 S.W.2d 37, 39 (Tex.Civ.App.—Austin 1976, no writ) is contrary to our decision in this case. The stated rationale of that decision is two-fold: (1) article 3992 "seems to contemplate a hearing on the merits in the county court with respect to possession before that court's judgment becomes non-appealable" and (2) "[t]o hold to the contrary would deny the appellant his day in court where a jurisdictional error of the county court is apparent from the face of the record."

We respectfully disagree with the decision. The event in article 3992, upon which finality is predicated, is a "judgment of the county court finally disposing of the cause . . . .." The statute does not limit finality to judgments entered after trial on the merits. It is also significant that the statute article 3992 replaced, Tex.Civ.Stat. art. 3962 (1914), contained an introductory sentence that was concerned with entry of a judgment after trial on the merits. The elimination of that language from the present statute indicates a legislative intent to make all judgments of the county court final, except on the damage issue, regardless of the basis for the judgment. This view furthers the goal of forcible entry and

1. Hereafter, reference to article 3992 will be to Tex.Rev.Civ.Stat.Ann. art. 3992 (Vernon 1966).

**118**

detainer suits, which is the rapid and final resolution of the right to possession of real property. Also, the absence of the right of appeal does not necessarily leave a party without a remedy if the county court erroneously concludes it has no jurisdiction of the case. *See, e. g., Rushing v. Bush,* 260 S.W.2d 900 (Tex.Civ.App.—Dallas 1953, writ dism'd); 37 Tex.Jur.2d *Mandamus* § 42 (1962).[2]

The appeal is ordered dismissed.

---

**2.** We express no opinion on the availability of other remedies in this case. That question is not before us.