**Francisco CAMPUZANO, Appellant,**

v.

**Pedro MELENDEZ, Appellee.**

No. 08–82–00220–CV.

Court of Appeals of Texas, El Paso.

Nov. 24, 1982.

Paul Andow, El Paso, for appellant.

Eduardo N. Lerma, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

This is a forcible entry and detainer action. We are of the opinion that we have no jurisdiction and dismiss the appeal.

Our Appellant, Francisco Campuzano, sued Pedro Melendez in the justice court seeking possession and rents on two tracts of real property. The justice court awarded the Appellant the possession of the two tracts, but allowed no recovery of any rent or attorney's fees. Melendez appealed to the County Court at Law Number Two of El Paso County, Texas. Melendez then filed a motion to dismiss the proceeding, and after hearing that motion and the evidence produced thereon, the court dismissed the cause of action for lack of subject matter jurisdiction on the basis that the case necessarily involved a determination of title to the land, which was a matter to be decided by the district court. The reasons for the dismissal are reflected in findings of fact and conclusions of law filed by the court. We now have before us the final judgment of the court below dismissing the cause for lack of jurisdiction.

Tex.Rev.Civ.Stat.Ann. Article 3992 (Vernon 1966) provides:

The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars.

In the one case found directly on point, it was held that no appeal lies from a judgment of dismissal for lack of subject matter jurisdiction entered by the county court in a forcible entry and detainer suit. *New Friendship Baptist Church v. Collins,* 453 S.W.2d 529 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). There, the county court dismissed the suit for reason that the right of possession could not be determined without an adjudication of title. In that situation, an appellant has his remedy available in district court.

The Appellant contends that this court has jurisdiction regardless of the lack of damages and relies on *Meyer v. Young,* 545 S.W.2d 37 (Tex.Civ.App.—Austin 1976, no writ). That case can be distinguished, as there the county court erroneously dismissed the appeal from the justice court because of what the court thought to be fatal defects in the appeal process from the justice of the peace court. The Court of Civil Appeals took jurisdiction of the case for the limited purpose of ordering the county court to try the case de novo, otherwise the judgment of the justice of the peace court would be final. In this connection, we note that the holding in *Meyer v. Young, supra,* was subsequently disapproved in *Woolley v. Burger,* 602 S.W.2d 116 (Tex.Civ.App.—Amarillo 1980, no writ). That case came before the Court of Civil Appeals in the same posture as was presented to the court in the *Meyer* case, as the county court had dismissed the appeal because of imperfections in the appeal to the county court. In the *Woolley* case, the court stated:

> The event in article 3992, upon which finality is predicated, is a "judgment of the county court finally disposing of the cause ...." The statute does not limit finality to judgments entered after trial on the merits. It is also significant that the statute article 3992 replaced, Tex.Civ. Stat. art. 3962 (1914), contained an introductory sentence that was concerned with entry of a judgment after trial on the merits. The elimination of that language from the present statute indicates a legislative intent to make all judgments of the county court final, except on the damage issue, regardless of the basis for the judgment. This view furthers the goal of forcible entry and detainer suits, which is the rapid and final resolution of the right to possession of real property. 602 S.W.2d at 117.

Regardless of the opposing results reached in the last two cases, we are of the opinion that in this case, where the cause of action was dismissed by the court below on the basis previously stated and where we now have a judgment which failed to award any damages, we are without jurisdiction.

The appeal is hereby dismissed.