Joe **CAVAZOS** and Alice **Cavazos,** Appellants,

v.

Rolan **SIMPSON,** Appellee.

No. 07–82–0282–CV.

Court of Appeals of Texas, Amarillo.

April 11, 1984.

Rehearing Denied April 26, 1984.

Hugh Harrell, Lubbock, for appellants.

Bonner Smith, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

This is a forcible entry and detainer action. This Court has raised, sua sponte, the question of our jurisdiction of the appeal and, pursuant to our request, appellants have filed a brief on the question. We conclude that we do not have jurisdiction and must dismiss this appeal. We believe a short statement of the rather confusing history of this case is in order.

Appellee Rolan Simpson, on August 18, 1981, in Cause No. 8855A, sued appellants Joe Cavazos and Alice Cavazos in the Justice Court, Precinct Number 1, Lubbock County. In the action he sought possession of certain real estate, damages and costs. Citation was issued ordering appellants to appear and answer the petition on or before 10:00 a.m. on August 18, 1981, the date of issuance of the citation. Although only Alice Cavazos was served with this citation, and this on August 19, 1981, a "default" judgment against both appellants was rendered on August 31, 1981. A writ of restitution based on this judgment was returned by the Lubbock County Sheriff on September 8, 1981.

An amended petition in this cause was signed on October 6, 1981 by appellee and filed herein. Appellants were, on the 13th day of November, 1981, served with citation on this petition pursuant to an order authorizing alternative service executed by the presiding justice of the peace.

On November 23, 1981, the matter was heard and, on that same day, a take nothing judgment apparently prepared by the court, was signed. On the 24th day of November the court also executed another take nothing judgment, which was prepared by appellants' attorney.

On February 23, 1982, appellee referring to the November 24, 1981 judgment, filed a motion for judgment *nunc pro tunc* because "the court stated orally in open court that this cause was being dismissed without prejudice," and the "judgment as entered in the minutes of this Court omits all mention of this dismissal without prejudice."

A hearing on this motion was held on March 9, 1982 and, on March 16, 1982, the motion was granted and a *nunc pro tunc* order entered. The cause was then appealed by appellants to the County Court at Law No. 2 in Lubbock County.

In the County Court at Law, appellants filed a motion for summary judgment which was contested and heard on April 26, 1982. Subsequently, on May 18, 1982, and acting sua sponte, the County Court at Law entered a "writ of procedendo" in which appellants' appeal was dismissed for want of jurisdiction.*

In attempting an appeal of this action of the County Court, appellants raise two points of asserted error. In their first point, they assert that the court erred "in rendering a Writ of Procedendo without a motion or hearing and affording appellants due process." In the second point, they contend the trial court erred in "overruling the appellants' motion for summary judgment.

In the case of *Woolley v. Burger*, 602 S.W.2d 116 (Tex.Civ.App.—Amarillo 1980,

---

* This little known and archaic writ is defined in Black's Law Dictionary 1367 (4th Edition 1968) as "a writ by which a cause which has been removed from an inferior to a superior court by certiorari or otherwise is sent down to the same court, to be proceeded in there, where it appears to the superior court that it was removed on insufficient grounds."

no writ), this Court considered a similar question as to its jurisdiction of appeals such as this. In that case we held Tex.Rev. Civ.Stat.Ann. art. 3992 (Vernon 1966) to be dispositive of causes of this nature. That article, still in effect during all times pertinent to this appeal, provided:

> The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and *no further appeal shall be allowed,* except where the judgment shall be for damages in an amount exceeding one hundred dollars (emphasis added).

In *Woolley* this court stated that whether "the county court tries the case on the merits or dismisses the case, its judgment finally disposing of the case is conclusive on all issues except damages in excess of one hundred dollars." *Id.* at 117. We adhere to that decision.

We note that Tex.Civ.Stat.Ann. art. 3992 was repealed and codified as Tex.Prop. Code Ann. § 24.007, which became effective on January 1, 1984. This section now provides:

> A final judgment of a county court in a forcible detainer action may not be appealed unless the judgment awards damages greater than $100.00.

It is apparent by this action the legislature has restated and continued the mandate of the law as interpreted by us in *Woolley*.

Appellants cite the case of *Meyer v. Young,* 545 S.W.2d 37 (Tex.Civ.App.—Austin 1976, no writ), in support of their position that this Court has jurisdiction to consider this appeal. For the reasons set out in *Woolley v. Burger, supra,* we respectfully disagree with that decision.

Since this court has no jurisdiction to entertain this appeal, it is ordered dismissed.