HOUSING AUTHORITY, CITY OF
EDGEWOOD, Texas, Appellant,

v.

G.E. SANDERS, Appellee.

No. 12–83–0197–CV.

Court of Appeals of Texas,
Tyler.

April 18, 1985.

Rehearing Denied with Opinion
May 23, 1985.

Billy D. Hullum, Wills Point, for appellant.

W. Bruce Monning, Vial, Hamilton, Koch, Tubb & Knox, Dallas, B.J. Wynne, Wynne & Wynne, Wills Point, for appellee.

PER CURIAM.

Housing Authority, City of Edgewood, plaintiff/appellant, initiated this suit for forcible detainer against G.E. Sanders, defendant/appellee, in the Justice Court, Precinct One, Van Zandt County, on April 1, 1983. Apparently, sometime later, the suit went to trial before the justice of the peace; however, no judgment signed by the justice of the peace appears in the record.[1] We need look no further. The record affirmatively shows that the county court was without jurisdiction to entertain the purported appeal from the justice court. A justice court judgment is a prerequisite to

---

1. After the trial of the de novo appeal in the county court, the county judge found that no judgment was signed by the justice of the peace in the cause.

an appeal to the county court. Rules 557, 558, and 748, TEX.R.CIV.P.; *Pullin v. Parrish*, 306 S.W.2d 241 (Tex.Civ.App.— San Antonio 1957, writ ref'd).

The judgment of the county court is reversed, and the appeal proceedings pending therein are dismissed.

## ON MOTION FOR REHEARING

COLLEY, Justice.

On April 18, 1985, we delivered a per curiam opinion in the above cause reversing the judgment of the County Court of Van Zandt County and ordering the appeal pending therein dismissed. Sanders argues in his motion for rehearing that we erred in adjudging the cost against him and in ordering the dismissal of the county court suit because we have no jurisdiction of this cause and should therefore dismiss the appeal.

In support of his two assignments of error, Sanders cites TEX.PROP.CODE ANN. Section 24.007 (Vernon 1984);[1] *Campuzano v. Melendez*, 643 S.W.2d 238 (Tex. Civ.App.—El Paso 1982, no writ); *Vickrey v. Symes*, 527 S.W.2d 836 (Tex.Civ.App.— Tyler 1975, no writ); *Williamson v. Johnson*, 492 S.W.2d 327 (Tex.Civ.App.—Tyler 1973, no writ); *Woolley v. Burger*, 602 S.W.2d 116 (Tex.Civ.App.—Amarillo 1980, no writ); and *Cavazos v. Simpson*, 668 S.W.2d 507 (Tex.App.—Amarillo 1984, no writ).

■ Section 24.007 is a recodification, a revision without substantive change of former TEX.REV.CIV.STAT.ANN. art. 3992. However, former art. 3992 is applicable to this appeal since the cost bond was filed in this cause before January 1, 1984. That article read:

The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the

judgment shall be for damages in an amount exceeding one hundred dollars.

We must agree with Sanders that *Williamson v. Johnson, supra; Woolley v. Burger, supra; Cavazos v. Simpson, supra;* and *Campuzano v. Melendez, supra,* support the arguments made by Sanders in his motion for rehearing. We also acknowledge yet another case in agreement with those cited by Sanders, viz, *New Friendship Baptist Church v. Collins,* 453 S.W.2d 529, 530 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). In *Williamson v. Johnson, supra,* this court followed *New Friendship Baptist Church v. Collins, supra,* and cited in support of its conclusion, two courts of civil appeals decisions[2] in which applications for writ of error were refused by the Supreme Court. Neither of such cases supports the decisions in *Williamson v. Johnson, supra,* and *New Friendship Baptist Church v. Collins, supra.* In fact, the Supreme Court has yet to give its approval to the proposition that art. 3992 deprives the courts of appeal (courts of civil appeal) of jurisdiction to decide on appeal whether a county court's determination that such court did, or did not have, jurisdiction of an appeal from justice court in forcible detainer suits. Our research reveals that only one court of appeals has held that art. 3992 does not deprive the intermediate appellate courts of jurisdiction to review the question of the jurisdiction of county courts in forcible detainer suits. In *Meyer v. Young,* 545 S.W.2d 37, 39 (Tex. Civ.App.—Austin 1976, no writ), the Austin court so held. We agree with that decision. Judge Shannon in his concurring opinion in *Meyer* so aptly stated: "Although art. 3992 precludes appellate review on the *merits* in a forcible detainer suit, the statute does not prevent this court from determining whether the county court had jurisdiction of the cause." (Emphasis added.)

■ Our reading of the language of art. 3992, considered in light of the provisions of art. 5429b-2, the Code Construction Act,

---

1. All reference to sections herein made are to the Texas Property Code unless otherwise noted.

2. *Pizanie v. Citizens Investment Co.,* 448 S.W.2d 803 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd), and *Madison v. Martinez,* 56 S.W.2d 908 (Tex.Civ.App.—Dallas 1933, writ ref'd).

and particular Section 3.01(1)(3) and Section 3.03(1), leads us to conclude that the limitation on appeal expressed in art. 3992 has reference only to cases in which a judgment on the merits of the dispute in "litigation" is rendered. *Pizanie, supra.*

Our decision in *Vickrey v. Symes, supra,* is inapposite here. In *Vickrey,* there was no question respecting the jurisdiction of the county court at law.

In view of our conclusions here, we overrule *Williamson v. Johnson,* 492 S.W.2d 327 (Tex.Civ.App.—Tyler 1973, no writ), insofar as it is in conflict with this opinion, and respectfully decline to follow the cases cited herein which are in conflict with our opinion and conclusions. The motion for rehearing is overruled.