IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-452-CV




JOSEFINA HINOJOSA,



 APPELLANT


vs.





RAMON E. LUNA, SR.; TEODORA Z. LUNA; 


SYLVESTER Z. LUNA; AND AUSENCIA R. LUNA,



 APPELLEES



 



FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY



NOS. 216,612 & 217,125, HONORABLE STEVE RUSSELL, JUDGE PRESIDING 


 




 Following a bench trial, the court below awarded Ramon and Teodora Luna
possession of their former home in their forcible-detainer action against Josefina Hinojosa. In the
same judgment, the court ordered that Hinojosa take nothing by her action against Ramon,
Teodora, Sylvester Z. and Ausencia R. Luna for permanent injunction, breach of contract, and
deceptive trade practices. (1) Hinojosa appealed to this Court. We will reverse the trial-court
judgment rendered in the forcible-detainer action and remand that cause to the trial court for
dismissal for want of jurisdiction. We will affirm the remainder of the judgment.



THE CONTROVERSY


 On October 26, 1991, Sylvester and Ausencia signed and delivered to Hinojosa the
following memorandum in writing:



To Whom It May Concern 10-26-91

I Sylvester Z. Luna and my Wife Ausencia R. Luna 

We are my parents Ramon E. Luna and Teodora Z. Luna legal guardians. I
Sylvester Z. Luna give Josie Hinojosa permission to move into my parents house
at 1409 Redwood Ave. providing she maintains and take care of the property. She
can live at this address as long as she wants to. Any questions call my wife
Ausencia R. Luna.



 Hinojosa contends the instrument evidences an agreement with Ramon and Teodora
that Hinojosa might remain in the described house so long as she wishes, without obligation to
pay rent and conditioned only that she maintains and takes care of the property. Hinojosa asserts,
in other words, that the writing is an integration and represents the parties' entire agreement with
respect to the property.

 The Lunas contend the instrument is not an integration; rather, it was given in
connection with an oral agreement that Hinojosa may occupy the house rent-free for one year if
she maintained it in good condition, but she would have to begin monthly rental payments if she
chose to stay longer than a year. (2)

 In October 1991, Hinojosa entered into possession. Early in 1993, Ramon and
Teodora notified Hinojosa that she must leave the property because they intended to close it for
all purposes under section 92.055(a) of the Texas Property Code. See Tex. Prop. Code Ann. §
92.055(a) (West 1984). (3) Hinojosa immediately filed in county court-at-law a suit against all four
Lunas, alleging causes of action for deceptive trade practices, breach of contract, and for
permanent injunction. About the same time, Ramon and Teodora filed in justice court an action
for forcible detainer. They apparently obtained judgment awarding them possession; Hinojosa
appealed from that judgment to the county court-at-law in which her own suit was then pending. (4)

 The county court-at-law concluded: (1) the written instrument created in Hinojosa
a tenancy at will which the Lunas terminated with reasonable notice; and (2) the Lunas had a legal
right to close the premises under section 92.055 of the Texas Property Code, a right they validly
exercised. The court rendered judgment against Hinojosa on all her claims against the Lunas. 
Hinojosa appealed to this Court.



FORCIBLE-DETAINER ACTION


 Hinojosa attacks by four points of error the judgment against her in the Lunas'
forcible-detainer action. We conclude, however, that we have no jurisdiction with regard to that
action because the appellate record does not contain the justice court's final judgment from which
Hinojosa appealed to the county court-at-law.

 Exclusive jurisdiction over forcible-detainer actions is placed by statute in the
justice court for the precinct in which the real property is situated. Tex. Prop. Code Ann.
§ 24.004 (West Supp. 1994); see McGlothlin v. Kliebert, 672 S.W.2d 231, 232 (Tex. 1984);
Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913 (Tex. Civ. App.--Corpus Christi 1980, writ
ref'd n.r.e.); see also Mingus v. Wadley, 285 S.W. 1084, 1088 (Tex. 1926) (when statute creating
right and providing remedy confers jurisdiction on particular court, such jurisdiction is exclusive). 
A county court-at-law may acquire jurisdiction in a forcible-detainer action solely through an
appeal from justice court. See Tex. R. Civ. P. 749; Haginas v. Malbis Memorial Found., 354
S.W.2d 368, 371 (Tex. 1962); Haith v. Drake, 596 S.W.2d 194, 196 (Tex. Civ. App.--Houston
[1st Dist.] 1980, writ ref'd n.r.e.).

 A final justice-court judgment is a prerequisite to an appeal to a county court-at-law. Pullin v. Parrish, 306 S.W.2d 241, 242 (Tex. Civ. App.--San Antonio 1957, writ ref'd);
Housing Auth., City of Edgewood v. Sanders, 693 S.W.2d 2, 2-3 (Tex. App.--Tyler 1985, writ
ref'd n.r.e.). When no final justice-court judgment appears in the record, the county court-at-law
lacks jurisdiction of the purported appeal and its judgment is void. Pullin, 306 S.W.2d at 243;
Housing Authority, 693 S.W.2d at 2. In such a case, a court of appeals also lacks jurisdiction to
review the trial-court judgment. Universal Credit Co. v. Adcock, 129 S.W.2d 1199, 1199 (Tex.
Civ. App.--Amarillo 1939, no writ); Urban v. Field, 137 S.W.2d 137 (Tex. Civ. App.--San
Antonio 1940, no writ). See also Mingus, 285 S.W. at 1089 (jurisdiction not presumed when
court exercises powers afforded by statute and not under common law).

 We notified counsel pursuant to Texas Rule of Appellate Procedure 60(a)(2) that
the appeal of the judgment in the forcible-detainer suit would be dismissed unless they filed a
response showing grounds for continuing the appeal. Counsel for Hinojosa filed a motion to
supplement the record, to which he attached a copy of a justice-court judgment. See Tex. R. App.
P. 55(c). A file mark on the judgment reflects that it was filed in county court-at-law on April
19, 1994, and therefore, was never part of the trial-court record. (5)

 Amendment of the appellate record after submission of the cause is governed by
Texas Rule of Appellate Procedure 55(c). The rule provides in part: "Should it be apparent
during the submission or afterwards that the case has not been properly prepared as shown in the
transcript . . . [the court] may make such orders as may be necessary to secure a more satisfactory
submission of the case . . . ." An appellate court has wide discretion to supplement the transcript
to include omitted matters. K & S Interests, Inc. v. Texas Am. Bank/Dallas, 749 S.W.2d 887,
891 (Tex. App.--Dallas 1988, writ denied). This discretion, however, is limited to correcting the
appellate record and does not extend to allowing the creation of a new trial-court record. Graham
v. Pazos De La Torre, 821 S.W.2d 162, 165 (Tex. App.--Corpus Christi 1991, writ denied);
Gerdes v. Marion State Bank, 774 S.W.2d 63, 65 (Tex. App.--San Antonio 1989, writ denied). 
In Gerdes, the court stated: "[Rule 55] seeks to ensure that the existing trial court record be
correctly transmitted to this court when the original transcript has omitted something of
importance." Gerdes, 774 S.W.2d at 65 (emphasis in original); cf. Southern Pac. Transp. Co.
v. Hernandez, 804 S.W.2d 557, 560 (Tex. App.--San Antonio 1991, writ denied), cert. denied,
112 S.Ct. 406 (1991) (stating when deposition read at trial was inadvertently omitted from
statement of facts, supplementation did not create new trial record but merely corrected appellate
record). We may not permit Hinojosa to supplement the appellate record with a document that
was not part of the trial-court record when that court rendered judgment. Because there is no
showing that the trial court had jurisdiction of the forcible-detainer proceeding, we reverse the
trial-court judgment awarding the Lunas possession and remand that cause of action to county
court with instructions to dismiss the cause. See Perry v. Greer, 221 S.W. 931, 932 (Tex. 1920).



DTPA CLAIMS


 In her fifth, sixth, and seventh points of error, Hinojosa asserts the trial court erred
in denying her an injunction, damages, and attorney's fees under the DTPA. (6) See DTPA §
17.50(a)-(b)(2). Specifically, Hinojosa argues that by terminating the tenancy against her wishes,
the Lunas: (1) breached both express and implied warranties that she could live in the house as
long as she wished; (2) engaged in an unconscionable course of conduct by taking advantage of
her lack of knowledge, ability, experience, and capacity to a grossly unfair degree; (3) represented
the agreement conferred rights which it did not have or involve; and (4) represented that goods
had characteristics and benefits they did not have. See DTPA §§ 17.45(5)(A); 17.46(5), (12);
17.50(a).

 Hinojosa's contentions are based on the meaning and legal effect she would have
us assign to the instrument, which she contends entitles her to life-long, rent-free tenancy in the
Lunas' house, terminable at her election alone and conditioned only that she maintain the
property. (7) The Lunas' position is that the written instrument refers only to a tenancy-at-will
which they had a legal right to terminate on reasonable notice. Thus, the controversy is
essentially about whether the Lunas had a legal right to terminate Hinojosa's tenancy. The
substance of Hinojosa's DTPA claim is that the Lunas breached the agreement by evicting her,
and such a breach is actionable under the DTPA. (8)

 In order to recover under the DTPA, the act complained of must be one prohibited
by section 17.50(a) of the DTPA. Lochabay v. Southwestern Bell Media, Inc., 828 S.W.2d 167,
170 (Tex. App.--Austin 1992, no writ). (9) A mere breach of contract is not actionable under the
DTPA. La Sara Grain Co. v. First Nat'l Bank of Mercedes, 673 S.W.2d 558, 565 (Tex. 1984). 
It is therefore necessary to distinguish a breach-of-contract claim from a breach involving fraud
or misrepresentation sufficient to invoke the DTPA. Quitta v. Fossati, 808 S.W.2d 636, 644
(Tex. App.--Corpus Christi 1991, writ denied). When a party asserts an alternative interpretation
of a contract and the dispute arises out of the performance of the contract, the DTPA is not
violated and traditional contract principles govern the parties' legal rights. Id.; see also William
E. Marple, Requiescat for An Epitaph: Breach of Contract Is Not A Tort, 56 Tex. B. J. 656, 659
(1993). In Quitta, property owners sued former tenants for unpaid rent, and the tenants
counterclaimed for alleged DTPA violations. The tenants asserted they had orally modified the
written lease agreement with a former landlord, who died before the dispute began. The
remaining landlords, skeptical about the existence or enforceability of the oral lease modification,
asserted their rights under the written lease. The trial court rendered judgment on the jury's
verdict, denying the landlords' claims and granting the tenants relief on their DTPA claim. 
Quitta, 808 S.W.2d at 639-40. The court of appeals reversed the judgment for the tenants on
their DTPA claims, stating the landlords simply asserted a right to be paid under the written lease,
while the tenants sought to prove the existence of additional terms; thus, the case was governed
by traditional contract principles. Id. at 645.

 By filing a forcible-detainer action, the Lunas asserted in court only a claimed legal
right to terminate Hinojosa's tenancy. In its conclusions of law, the trial court determined that
the parties' agreement created a tenancy-at-will, which is terminable at any time by either party
to a lease. See Philpot v. Fields, 633 S.W.2d 546, 547 (Tex. App.--Texarkana 1982, no writ). 
We may review the trial court's conclusions of law for correctness. Jerry v. Kentucky Cent. Ins.
Co., 836 S.W.2d 812, 815 (Tex. App.--Houston [1st Dist.] 1992, writ denied).

 Any lease for an uncertain term is prima facie a lease-at-will. Holcombe v. Lorino,
79 S.W.2d 307, 310 (Tex. 1935). More specifically, an agreement that the tenant may occupy
the premises as long as he desires creates a mere tenancy-at-will. Johnson v. Petty, 289 S.W.2d
797, 799 (Tex. Civ. App.--Amarillo 1956, no writ). When the tenant is not bound to remain for
a definite period, but may terminate the lease at any time, the lessor may do the same. Hill v.
Hunter, 157 S.W. 247, 252 (Tex. Civ. App.--Austin 1913, writ ref'd); see also Perren v. Baker
Hotel of Dallas, 228 S.W.2d 311, 317 (Tex. Civ. App.--Waco 1950, no writ) (holding alleged oral
agreement between hotel and couple that they could occupy hotel rooms for $500 per month as
long as they wished, if they made certain improvements, was merely an estate-at-will terminable
at any time by either party); Urban v. Crawley, 206 S.W.2d 158, 160 (Tex. Civ. App.--Eastland
1947, writ ref'd n.r.e.) (holding written agreement between hotel manager and tenant stating that
rent would be $30 per month as long as tenant wished to occupy room and kept it in good
condition created tenancy at will). Because the agreement created a tenancy at will, the Lunas
were legally entitled to terminate Hinojosa's tenancy on reasonable notice. Even if the Lunas'
position had been incorrect, disagreements over the interpretation of an agreement with uncertain
terms are not actionable under the DTPA. Group Hosp. Servs. v. One & Two Brookriver Ctr.,
704 S.W.2d 886, 889 (Tex. App.--Dallas 1986, no writ).

 Finally, Hinojosa does not contend the Lunas committed any false or deceptive acts
other than asserting their legal right to evict her through judicial proceedings. (10) There is no
evidence in the record of overreaching or oppression by the Lunas. (11) See id. (stating courts
should guard against elevating every breach of contract claim into DTPA claim and there must
be element of overreaching or oppression to create DTPA claim). This is not, therefore, a case
in which a party has engaged in conduct independently actionable under the DTPA, such as
making a false factual representation regarding the terms of an agreement. (12) See, e.g., Leal v.
Furniture Barns, Inc., 571 S.W.2d 864, 865 (Tex. 1978) (holding actionable under DTPA a
seller's letter that falsely claimed layaway agreement contained term allowing forfeiture of past
payments unless payment received by certain date); Dixon v. Brooks, 604 S.W.2d 330, 334 (Tex.
Civ. App.--Houston [14th Dist.] 1980, writ ref'd n.r.e) (holding actionable under DTPA a
vendor's false representation to purchasers that agreement contained term allowing her to
terminate contract without notice).

 We conclude the Lunas' conduct in submitting the parties' dispute to the court for
adjudication, standing alone, is not actionable under the DTPA. We therefore overrule Hinojosa's
fifth, sixth, and seventh points of error.

 We reverse and remand on the terms indicated above the portion of the judgment
and cause pertaining to the forcible-detainer action. We affirm the remainder of the judgment. 
 


 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded in Part; Affirmed in Part

Filed: May 25, 1994

Do Not Publish

1.   An action for forcible detainer is a statutory cause of
action of which the justice court has original jurisdiction; on
appeal to a county court-at-law, however, the action is tried anew. 
See Tex. Prop. Code Ann. § 24.002 (West Supp. 1994); Tex. R. Civ.
P. 751. The county court-at-law judgment we now review results
from such a trial de novo. An action for deceptive trade practices
is also a statutory cause of action. See Deceptive Trade
Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§
17.41-.63 (West 1987 & Supp. 1994). Under an agreement of the
parties, the court below tried together the forcible-detainer
action and the deceptive-trade practice action, as well as
Hinojosa's common-law action for breach of contract.


 Sylvester and Ausencia Luna are the son and daughter-in-law, respectively, of Ramon and Teodora Luna. The basis for
Hinojosa's action against them will appear in the text below. For
convenience, we will refer to the Lunas by their given names alone.
2.   Ramon and Teodora do not challenge the authority of
Sylvester and Ausencia to make the agreement regarding their former
home, which they were forced to leave when Ramon became ill and
moved with Teodora into an apartment near Sylvester and Ausencia. 
The parties stipulated and the trial court found that the
instrument dated October 26, 1991, evidenced an agreement that
Hinojosa might enter into possession.
3.   The statute provides that a landlord may close a rental
unit at any time by giving written notice to the tenant, the local
health officer, and the local building inspector, if any,
declaring: "(1) the landlord is terminating the tenancy as soon as
legally possible; and (2) after the tenant moves out the landlord
will either immediately demolish the rental unit or no longer use
the unit for residential purposes." Tex. Prop. Code Ann. §
92.055(a) (West 1984).
4.   The appellate record does not contain a copy of the
justice-court judgment, although it does contain copies of the
Lunas' petition and Hinojosa's notice of appeal.
5.   Hinojosa's counsel states in a letter to this Court that
the justice-court clerk insists the original judgment was
transmitted at the time of the appeal, and the county-court clerk
insists it was not. Although the supplemental transcript Hinojosa
submitted has been certified by the county-court clerk, such
certification only extends to county-court proceedings. The
county-court clerk's certification only verifies that the purported
final judgment in the supplemental transcript is now "in file and
of record" in the county court. Nothing indicates that the
justice-court clerk transmitted the judgment to the county court. 
See Tex. R. Civ. P. 574. Further, there is no affidavit from the
justice-court clerk asserting that the judgment is a true and
correct copy of the judgment rendered in the cause. In any event,
the justice-court judgment was not part of the trial-court record. 

6.   The judgment pertaining to Hinojosa's breach-of-contract
and DTPA claims against the Lunas is unaffected by the lack of a
final justice-court judgment because those actions were originally
brought in the county court-at-law.
7.   The Lunas do not assert that Hinojosa failed to maintain
the property, and stipulated, "[Hinojosa] has made some
improvements or repairs to the Property at her own expense." The
trial court found, "Josefina Hinojosa has made repairs to the
property of a value not determinable from the credible evidence."
8.   At trial, Hinojosa asserted a claim for breach of the lease
agreement; on appeal she asserts her DTPA claims only. 
9.   Additionally, the complainant must be a consumer and the
act must be a producing cause of actual damages. Lochabay, 828
S.W.2d at 170. The trial court concluded that Hinojosa was a
consumer and the Lunas do not challenge this conclusion. Regarding
producing cause, the trial court found, "The Lunas did not cause
confusion, misrepresent goods, misrepresent an agreement, or
misrepresent authority of an agent in a manner that was a producing
cause of damages to Josefina Hinojosa." This finding pertains to
Hinojosa's claims under section 17.46(5) and (12) of the DTPA. 
Hinojosa does not challenge the sufficiency of the evidence to
support this finding. 
10.   Hinojosa does not dispute the Lunas' contention that they
orally agreed to allow her to live in their house rent-free until
she was able to pay rent.
11.   The trial court found: "The Lunas and Josefina Hinojosa
are equally ignorant of the formalities of law and the potential
legal impact of their actions." Hinojosa does not challenge the
sufficiency of the evidence to support this finding on appeal.
12.   Indeed, Hinojosa does not allege that the Lunas made any
representations to her regarding the effect of the agreement. 
Essentially, she argues that because she mistakenly believed she
had the sole right to terminate the tenancy, the agreement itself
was a misrepresentation under the DTPA. In the absence of some
specific misrepresentation by the Lunas, Hinojosa's mistaken belief
regarding the legal effect of the terms of the agreement is not
actionable under the DTPA. State Farm County Mutual Ins. Co. v.
Moran, 809 S.W.2d 613, 620-21 (Tex. App.--Corpus Christi 1991, writ
denied).