**838**

ESTATE of Cesario L. ZAMARO, Deceased,
Appellant,

v.

Enriqueta Z. RODRIGUEZ, Appellee.

No. 924.

Court of Civil Appeals of Texas,
Corpus Christi.

Jan. 9, 1975.

F. P. Benavides, Cisneros, Berry & Benavides, McAllen, for appellant.

R. A. Vidaurri, Flores, Sanchez, DeAnda & Vidaurri, McAllen, for appellee.

OPINION

YOUNG, Justice.

This case involves the applicability of Texas Rules of Civil Procedure, rule 4 to the time period for filing an appeal bond in an appeal to a county court at law from a forcible detainer judgment of a justice court. Rule 4 provides that when an act is required to be done within a stated period of time, the last day of the period is to be counted unless it is a Saturday, Sunday or a legal holiday, in which event, the period runs until the end of the next day which is neither a Saturday, Sunday or a legal holiday.

The representative of the estate of Cesario L. Zamora filed a forcible detainer complaint against Enriqueta Z. Rodriguez in the Justice Court, Precinct 4, Hidalgo County, Texas. On June 17, 1974 (Monday), after a non-jury trial, the justice court entered its judgment against the defendant-Rodriguez. Whereupon, in open court, the defendant gave notice of appeal to the County Court at Law of Hidalgo County. Defendant did not file her appeal bond until June 24, 1974 (the next Monday).

Thereafter, the plaintiff filed a motion in the county court at law to dismiss the appeal. In that motion the plaintiff complained that the date, June 24, 1974, "is beyond the time provided by statute for the filing and approval of the appeal bond, and is therefore null and void, . ." The county court at law court granted plaintiff's motion and entered its order dismissing the appeal. Rodriguez appeals to this Court from that order.

Appellee has neither filed a brief nor appeared for argument. Appellant, in two points of error, asserts that the trial court's action of dismissal was error because of the provisions for enlargement of time in Rule 4, supra. We agree.

The time for filing an appeal bond in an appeal of a forcible detainer case from justice court to county court at law is five days. Tex.R.Civ.P. 749. The last day (fifth day) for filing the bond in our case was Saturday, June 22, 1974. The bond, however, was not filed until the following Monday, June 24, 1974. Nevertheless, be-

càuse the last day fell on Saturday, within the meaning of Rule 4, supra, the appellant's filing on Monday was timely because Monday was the next day that was neither a Saturday, Sunday or a legal holiday. Further, the pertinent time period (five days) was within the provision of Rule 4 which states: "any period of time prescribed or allowed by these rules, . . ." Rule 749 which sets out the five-day period is one of "these rules". Appellant's points 1 and 2 are sustained.

The judgment of the trial court is reversed and remanded.