**Affirm in part, Reverse in part and Remand; Opinion Filed October 3, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01175-CV**

**SHAUN BURGESS, Appellant**
**V.**
**CASTLE KEEPERS, INC., Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-01984-2012**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Shaun Burgess appeals the order of the county court at law dismissing his appeal of the justice court's decision in this suit for forcible detainer and damages. On appeal to this Court, Burgess contends (1) he timely filed his pauper's affidavit within five days after the judgment of the justice court because the fifth day fell on a Saturday and he filed the affidavit on the following Monday; and (2) the appeal was timely because the justice court amended the judgment after Burgess filed his pauper's affidavit in the county court at law. We affirm the county court at law's dismissal of Burgess's appeal of Castle Keepers' forcible detainer action, and we otherwise reverse the county court at law's judgment and remand the cause to the county court at law for further proceedings.

**BACKGROUND**

In May 2012, Castle Keepers filed suit against Burgess seeking possession of residential property in Murphy, Texas and its court costs and attorney's fees. A jury returned a verdict for Castle Keepers finding damages of $1079.26, attorney's fees of $5365, and court costs of $261. The justice court rendered judgment on June 25, 2012[1] for Castle Keepers awarding the damages, attorney's fees, and court costs found by the jury, and the court awarded possession of the property to Castle Keepers.

To perfect his appeal to the county court at law under rule 749a, Burgess's pauper's affidavit was due "five days after the judgment is signed." *See* TEX. R. CIV. P. 749a (repealed 2013).[2] Burgess signed and filed a "Notice Of Appeal And Affidavit Of Inability To Pay Appeal Bond" on Monday July 2, 2012. On July 5, 2012, Castle Keepers moved to dismiss the appeal, arguing that under rule 4, Saturdays, Sundays, and legal holidays are counted in an appeal from justice court of a forcible detainer action. *See* TEX. R. CIV. P. 4. The county court at law granted the motion and dismissed the appeal for want of jurisdiction. Burgess then timely appealed the county court at law's order to this Court.

**TIMELINESS OF AFFIDAVIT TO PERFECT APPEAL**

In his first issue, Burgess contends the trial court erred by determining the appeal was not timely filed because deadlines that fall on weekends or holidays are extended to the next business day.

---

[1] The jury's verdict form and the justice court's judgment both contain the printed date of June 22, 2012. However, the "Case Summary" states that on June 22, 2012, the court heard Castle Keepers' motion in limine and that the jury trial was to continue on June 25, 2012. Additionally, the justice court recited in the writ of possession that the judgment was rendered on June 25, 2012. In the county court at law, Castle Keepers' counsel told the court that the justice court's judgment was signed on June 25, 2012. In this Court, Burgess states he "lost the case on Monday, June 25th," and Castle Keepers states, "While the verdict and judgment are dated June 22, 2012, both were actually signed on June 25, 2012." We conclude for purposes of this appeal that the justice court signed the judgment on June 25, 2012.

[2] Effective August 31, 2013, the Supreme Court of Texas repealed rules 523 through 591 and 737 through 755 and approved new rules for justice court cases. *See* 76 TEX. B.J. 440 (2013). Because the trial in justice court and appeal to the county court at law occurred before August 31, 2013, the new rules do not apply to this case. We make no determination of what the result would have been had the new rules been in place at the time of the appeal to the county court at law.

For an appeal from justice court to county court perfected through a pauper's affidavit, the appellant must file the affidavit within five days from the date of the justice court signing the judgment. TEX. R. CIV. P. 572, 749a. In this case, the judgment was signed on Monday June 25, 2012, the fifth day was Saturday June 30, 2012, and Burgess filed his affidavit on Monday July 2, 2012. The issue is whether the filing deadline on Saturday carried over to the following Monday.

Rule 4 of the rules of civil procedure governs the counting of days. That rule provides,

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. Saturdays, Sundays and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules, except that Saturdays, Sundays and legal holidays shall be counted . . . for purposes of the five-day periods provided for under Rules 748, 749, 749a, 749b, and 749c.

TEX. R. CIV. P. 4.[3] Rules 748, 749, 749a, 749b, and 749c concern procedures in forcible detainer cases.[4] Thus, to appeal a forcible detainer by an affidavit, a party must file the affidavit within five days of the judgment, and "Saturdays, Sundays and legal holidays shall be counted."

Burgess cites to section 311.014 of the Texas Government Code, which provides:

> (a) In computing a period of days, the first day is excluded and the last day is included.

> (b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.

---

[3] In this opinion, we refer to rule 4's requirement that Saturdays, Sundays, and legal holidays not be counted or included as the "weekend rule."

[4] Rule 748 provides, "No writ of possession shall issue until the expiration of five days from the time the judgment is signed." Rules 749 and 749a require a party appealing the judgment in a forcible detainer case to file either a bond (rule 749) or a pauper's affidavit (rule 749a) "within five days after the judgment is signed." Rule 749b requires an appellant filing a pauper's affidavit to pay into the registry of the justice court one rental period's rent within five days of filing the affidavit. Rule 749c does not contain any time periods but states that an appeal is perfected when an appeal bond under rule 749 or pauper's affidavit under rule 749a has been timely filed. *See* TEX. R. CIV. P. 748, 749, 749a, 749b, 749c (repealed 2013). In its order of August 16, 2013, effective January 1, 2014, the court amended rule 4 to delete the last phrase, "and for purposes of the five day periods provided for under Rules 748, 749, 749a, 749b, and 749c." *See* 76 TEX. B.J. 809 (2013).

TEX. GOV'T CODE ANN. § 311.014(a), (b) (West 2005). This statutory provision does not contain the exception for forcible detainer cases found in rule 4. However, section 311.026 of the government code provides:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

*Id.* § 311.026. Thus, rule 4's specific counting rules for forcible detainer cases control over the general counting provisions of section 311.014. *See Challenger Gaming Solutions, Inc. v. Earp*, 402 S.W.3d 290, 296 (Tex. App.—Dallas 2013, no pet.) ("When two statutes conflict and cannot be reconciled, the specific statute controls over the general one."). Also, the last sentence of rule 4 excepting forcible detainer cases from the "weekend rule" was enacted in 1990, five years after the legislature passed section 311.014.[5] Accordingly, rule 4's requirement that we count Saturdays, Sundays, and legal holidays in forcible detainer cases controls over the contrary general requirements of section 311.014.

Burgess also argues this case mirrors *Zamaro's Estate v. Rodriguez*, 517 S.W.2d 838 (Tex. App.—Corpus Christi 1975, no writ). In that forcible detainer case, the justice court entered judgment on a Monday, and the appellant filed its appeal bond the following Monday, facts identical to this case. *Id.* at 838. The county court at law concluded that the appeal was untimely and dismissed the appeal. *Id.* The court of appeals reversed, stating: "[B]ecause the last day fell on Saturday, within the meaning of Rule 4, supra, the appellant's filing on Monday was timely because Monday was the next day that was neither a Saturday, Sunday or a legal

---

[5] Section 311.014 of the government code was passed in 1985. Act of May 17, 1985, 69th Leg., R.S., ch. 479, § 1, sec. 311.014, Tex. Gen. Laws 1652, 1672. The last sentence of rule 4 excepting rule 749a from the weekend rule was approved in 1990. 53 TEX. B.J. 589, 590 (1990).

holiday." *Id.* at 838–39. However, *Zamaro's Estate* ceased to be applicable in 1990 when the supreme court amended rule 4 to add the last sentence providing that Saturdays, Sundays, and legal holidays are counted in forcible detainer cases.

We conclude the county court at law did not err by determining the appeal of the forcible detainer cause of action was untimely under rule 749a. We overrule Burgess's first issue as to the forcible detainer cause of action.

## AMENDED JUDGMENT

In his second issue, Burgess contends the affidavit filed on July 2, 2012 was timely because the justice court entered an amended judgment on July 9, 2012, which, he argues, reset the filing deadline for perfecting appeal. Burgess bases his argument on this entry in the "Case Summary" in the clerk's record:

> 07/09/12     Amended Jury Trial – Judgment for Plaintiff (Judicial Officer:
> Payton, John E.)
> Eviction:
> Judgment of $1,079.26
>     Awarded To: CASTLE KEEPERS
>     Awarded against: DREW BURGESS, et al.

No copy of this amended judgment appears in the record.

The justice court may render judgment by recording it in the court's docket with the justice signing it. TEX. R. CIV. P. 558 (repealed 2013). However, the justice court's docket sheet is not in the record, and the unsigned "Case Summary" entry is no evidence that the justice court recorded and signed an amended judgment. *Cf. Kalyanaram v. Burck*, 225 S.W.3d 291, 303 (Tex. App.—El Paso 2006, no pet.) (unsigned docket-sheet entry in district court insufficient to constitute judgment or decree of court). We conclude the record does not show the justice court signed an amended judgment after June 25, 2012.

However, even if the justice court had signed an amended judgment on July 9, 2012, that amended judgment would be void. Ordinarily, the signing of an amended judgment delays the

–5–

commencement of the appellate timetable until after the amended judgment is signed. *Mackie v. McKenzie*, 890 S.W.2d 807, 808 (Tex. 1994). But the amended judgment must be signed during the trial court's plenary power. *Id.* The justice court's plenary power extends no more than ten days after the signing of the judgment in a forcible detainer case. *See Ramirez v. Archie*, No. 08-02-00265-CV, 2004 WL 1284013, *2 (Tex. App.—El Paso June 10, 2004, no pet.) (mem. op.); *Harris v. Caldwell*, No. 05-01-00480, 2003 WL 231223, *1 (Tex. App.—Dallas Feb. 4, 2003, no pet.) (mem. op.). The alleged amended judgment on July 9, 2012 was fourteen days after the justice court signed the original judgment and was outside the justice court's plenary power. Accordingly, even if the justice court did sign a purported amended judgment on July 9, 2012, that amended judgment did not reset the appellate timetable. We overrule Burgess's second issue.

## CLAIMS OTHER THAN FORCIBLE DETAINER

A landlord may join a claim for forcible detainer with one for unpaid rent. TEX. R. CIV. P. 738 (repealed 2013). In this case, the justice court awarded damages of $1079.26.[6] Likewise, a prevailing party is entitled to recover costs of court as well as attorney's fees if the prerequisites for attorney's fees are met. *See* TEX. PROP. CODE ANN. § 24.006. In this case, the justice court awarded Castle Keepers $5365 for attorney's fees and $261 for court costs.

The only issue in a suit for forcible detainer is the right to actual possession of the property. TEX. R. CIV. P. 746 (repealed 2013). Therefore, the only claim subject to rule 749a's perfection-of-appeal requirements was Castle Keepers' claim for possession of the property. Castle Keepers' other claims were subject to the general rules in justice court for perfection of appeal, rules 571 and 572. Under rule 571, a party perfects an appeal by filing an appeal bond

---

[6] The record does not show whether those damages were for unpaid rent or for other damages. Whether the damages, attorney's fees, and costs were properly assessed is not before us in this appeal.

within ten days of the signing of the judgment (rule 571) or by filing an affidavit of inability within five days of the signing of the judgment (rule 572). *See* TEX. R. CIV. P. 571, 572 (repealed 2013). Rule 4 does not except application of the "weekend rule" to rules 571 and 572. Therefore, for purposes of appealing the claims other than forcible detainer, Burgess's affidavit filed on the Monday following the fifth day was timely filed because the fifth day fell on a Saturday, and Saturdays and Sundays are not counted in periods of five days or less. *See* TEX. R. CIV. P. 4. Accordingly, we conclude Burgess perfected his appeal of all claims other than Castle Keepers' claim for forcible detainer. We sustain Burgess's first issue as to Castle Keepers' claims other than forcible detainer.

## CONCLUSION

We affirm the county court at law's dismissal of Burgess's appeal of the claim for forcible detainer. In all other respects, we reverse the county court at law's judgment, and we remand the cause to the county court at law for further proceedings.

/Lana Myers/
LANA MYERS
JUSTICE

121175F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAUN BURGESS, Appellant

No. 05-12-01175-CV          V.

CASTLE KEEPERS, INC., Appellee

On Appeal from the County Court at Law
No. 2, Collin County, Texas
Trial Court Cause No. 002-01984-2012.
Opinion delivered by Justice Myers.
Justices FitzGerald and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **AFFIRM** the trial court's dismissal of appellant Shaun Burgess's appeal of appellee Castle Keepers, Inc.'s cause of action for forcible detainer.  In all other respects, we **REVERSE** the trial court's judgment and **REMAND** this cause to the trial court for further proceedings.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 3rd day of October, 2013.

/Lana Myers/
LANA MYERS
JUSTICE