ACCEPTED
01-14-00823-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 10:21:43 AM
CHRISTOPHER PRINE
CLERK

**01-14-00823-CV**

**IN THE FIRST COURT OF APPEALS**
**HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 10:21:43 AM
CHRISTOPHER A. PRINE
Clerk

**VILLAGE OF TIKI ISLAND, TEXAS**
*Appellant*,

**v.**

**JERRY D. RONQUILLE, ET AL.**
*Appellees*.

On Appeal from 405th District Court of Galveston County, Texas
Cause No. 14-cv-0752

**REPLY BRIEF OF APPELLANT**
**VILLAGE OF TIKI ISLAND, TEXAS**

Scott Bounds
State Bar No. 02706000
sbounds@olsonllp.com
John J. Hightower
State Bar No. 09614200
jhightower@olsonllp.com
OLSON & OLSON, L.L.P.
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone:  (713) 533-3800
Facsimile:   (713) 533-3888

Attorneys for Appellant,
Village of Tiki Island, Texas

**APPELLANT REQUESTS ORAL ARGUMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................. ii

INDEX OF AUTHORITIES........................................................................... iii

I.  INTRODUCTION ....................................................................................1

II.  ARGUMENTS AND AUTHORITIES ......................................................3

    A.    Summary. ...................................................................................3

    B.    The Homeowners are incorrect in asserting that the trial court did not determine its subject matter jurisdiction or in suggesting that the issue was waived. ...................................................................5

    C.    The employment of land use regulations to protect residential areas from incompatible commercial use is a valid exercise of the police power and not an act of bad faith. .......................................7

    D.    The Homeowners' takings claims are not viable because they cannot establish the existence of an investment backed expectation in the right to rent their homes for periods of less than thirty days. ....................................................................................9

    E.    The Homeowners' takings claims are not viable because they cannot establish that any economic impact of the regulations is sufficiently severe to constitute a taking. .............................................11

    F.    The Homeowners' request for declaratory relief is not justiciable.................................................................................12

    G.    The Homeowners' suffer no irreparable injury to a vested right justifying injunctive relief. ................................................................13

III.  CONCLUSION AND PRAYER ...................................................................14

CERTIFICATE OF COMPLIANCE.........................................................16

CERTIFICATE OF SERVICE ................................................................16

# INDEX OF AUTHORITIES

**CASES**                                                                                  **PAGE(S)**

*A.V.A. Services, Inc. v. Parts Industries Corp.*,
    949 S.W.2d 852 (Tex. App.–Beaumont 1997, no writ) .................................6

*BHP Petroleum Co. Inc. v. Millard*,
    800 S.W.3d 838 (Tex. 1990) .......................................................................12

*City of Brookside Village v. Comeau*,
    633 S.W.2d 790 (Tex.1982) ..........................................................................7

*City of Houston v. Carlson,*
    --- S.W.3d --- * 3 (Tex. 2014) .....................................................................11

*City of Houston v. Guthrie,*
    332 S.W.3d 578 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)...........13

*City of La Marque v. Braskey*,
    215 S.W.3d 861 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)...........13

*De Mino v. Sheridan*,
    176 S.W.3d 359 (Tex. App.—Houston [1st Dist.] 2004, no pet.).................12

*Ewing v. City of Carmel-By-The-Sea*,
234 Cal. App. 3d 1579 (Cal. App. 6 Dist. 1991) .......................................................8

*Hang On III, Inc. v. Gregg County*,
    803 S.W.2d 724 (Tex. App.—Texarkana 1995, writ dism'd by agr.)...........14

*Hearts Bluff Game Ranch, Inc. v. State*,
    381 S.W.3d 468 (Tex. 2012) .........................................................................2

*Kemp Hotel Operating Co. v. City of Wichita Falls*,
    170 S.W.2d 217 (Tex. 1943) .......................................................................13

*Lindsey v. Luckett*,
    1857 WL 5285 (Tex. 1857) ........................................................................5, 6

*Lingle v. Chevron U.S.A., Inc.*,
 544 U.S. 528, (2005) ...................................................................................11

*Lombardo v. City of Dallas*,
 124 Tex. 1, 73 S.W.2d 475 (Tex. 1934) .......................................................7

*Mayhew v. Town of Sunnyvale*,
 964 S.W.2d 922 (Tex. 1998) .....................................................................9, 11

*Meyer v. Young*,
 545 S.W.2d 37 (Tex. Civ. App. – Austin 1976, no writ) ...........................5, 6

*Pennsylvania Coal Co. v. Mahon*,
 260 U.S. 393, 43 S.Ct. 158 (1922) ............................................................7, 10

*Taub v. City of Deer Park*,
 882 S.W.2d 824 (Tex. 1994) .........................................................................11

*Texas Ass'n of Business v. Texas Air Control Bd.*,
 852 S.W.2d 440 (Tex. 1993) ...........................................................................6

*Tex. Dep't of Transp. v. A.P.I. Pipe & Supply*,
 397 S.W.3d 162 (Tex. 2013) ...........................................................................2

*Tex. Parks and Wildlife Dep't v. Sawyer Trust*,
 354 S.W.3d 384 (Tex. 2011) .........................................................................12

*Village of Euclid, Ohio v. Ambler Realty Co.*,
 272 U.S. 365, 47 S.Ct. 114 (1926) .................................................................7

**CONSTITUTION, STATUTES AND RULES**

**Texas Constitution**

 Article I, §17 ...............................................................................................2, 3

01-14-00823-CV

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

VILLAGE OF TIKI ISLAND, TEXAS
*Appellant*,

**v.**

JERRY D. RONQUILLE, ET AL.
*Appellee*.

On Appeal from 405TH District Court of Galveston County, Texas
Cause No. 14-cv-0752

APPELLANT, VILLAGE OF TIKI ISLAND, TEXAS
REPLY BRIEF

The City of Tiki Island, Texas (the "City"), files this Reply Brief addressing the arguments made by the remaining Appellees, Milton and Maria Chang (the "Changs") and Angelia Hill ("Hill").[1]  For convenience, the Changs and Hill are sometimes referenced as the "Homeowners" or the "Plaintiffs".

---

[1] The original plaintiffs in the trial court, and the appellees in this Court, included Jerry and Janell Ronquille and Richard Samaniego.  On December 31, 2014, the Ronquilles and Samiengo filed, with this Court, a notice of non-suit of their claims against the City.

# I.
## Introduction

There are two ultimate issues raised by this appeal. The first and principal issue is whether, under the undisputed facts before the trial court, the Homeowners' have asserted a viable takings claim against the City, as necessary to establish the trial court's jurisdiction. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply*, 397 S.W.3d 162, 167 (Tex. 2013); *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012). More specifically, the issue is whether the enforcement of municipal land use regulations that prohibit the use of single-family residences for short-term rentals constitutes an unconstitutional taking under Article I, §17 of the Texas Constitution.

The second and subsidiary issue, which is material only if it is determined that the Homeowners met their burden of establishing the trial court's subject matter jurisdiction, is whether the Homeowners made the additional burden to demonstrate an irreparable injury to a vested property right as required in order to obtain injunctive relief.

In their Brief the Homeowners fail to acknowledge that they bear the burden of establishing the trial court's jurisdiction.

## II.
## Argument and Authorities

### A.    Summary.

The City challenged the trial court's jurisdiction over the Homeowners' claims in its first responsive pleading and in its arguments in opposition to the Homeowners' requests for temporary injunctive relief. The trial court necessarily rejected the City's jurisdictional challenge when it exercised jurisdiction by granting injunctive relief.

The trial court erred in determining that it had subject matter jurisdiction over the Homeowners' takings claims because the Homeowners failed to meet their burden to demonstrate that those claims were viable.  More specifically, the Homeowners failed to demonstrate that the City's actions in restricting the use of the single-family homes they owned within the City to owner occupancy and long-term rental constituted an unconstitutional taking of their property under Article I, §17 of the Texas Constitution.

Texas Courts have long recognized the validity of local land use regulations that are designed to protect residential neighborhoods from the negative effect of commercial activities.  It is undisputed that the Homeowners are using single-family residences in the City as de facto hotels, renting by the day or week, with the attendant negative effects associated with short-term tenants.  The rental activity that the City prohibits is defined by the state as the operation of a hotel or

3

motel for state and local tax purposes. Although no Texas appellate court has yet addressed the issue of whether a prohibition on short-term rental is valid, the courts of several other states have done so and have concluded that such regulations are valid.

The Homeowners did not allege, nor did they present evidence sufficient to raise a fact issue as to whether, the enforcement of the regulations against the single-family homes they owned would have any material effect on the value of those homes. There was no evidence that the Homeowners paid a higher price for the homes because they believed them to be available for short-term rentals, or that the homes they purchased were different from the vast majority of homes in the City that are not offered for short-term rental. Accordingly, the undisputed evidence demonstrated that, as a matter of law, the Homeowners did not make any different investment in the single-family homes they purchased than did others in the City who purchased homes without any plan to offer them for short-term rental. The Homeowners' do not have a viable takings claim because they made no investment in the expectation that they could rent their homes on a short-term basis, and because the enforcement of the City's regulations has no material effect on the value of their property.

Finally, there was no evidence to support the trial court's finding of irreparable harm to a vested property right caused by the alleged taking. There was

4

no evidence that the enforcement of the ban on short-term rentals would have any material effect on the value of the single-family residences owned by the Plaintiffs, and the only alleged damages were money damages that would be reparable by a damage award.

**B.    The Homeowners are incorrect in asserting that the trial court did not determine its subject matter jurisdiction or in suggesting that the issue was waived.**

The Homeowners assert, on page 2 of their brief, that the trial court did not rule on the issue of whether it had subject matter jurisdiction over the Homeowners' claims because the City did not request a separate oral hearing on its plea to jurisdiction. In fact, the City raised the issue of the trial court's subject matter jurisdiction in its Plea to Jurisdiction and Original Answer filed on July 24, 2014. (CR 18-25).[2]   The City also raised the jurisdictional issue at the evidentiary hearing on September 30, 2012 – asserting that the trial court lacked subject matter jurisdiction to enter injunctive relief and in a Supplemental Plea to Jurisdiction filed the same date.  9/30/14 RR 1 p. 25 line 25; p. 26 line 18, p. 40 line 25; p. 42 line 4; CR 41.

In any event, the trial court's first order of business was to determine whether it had subject matter jurisdiction. "Every court of limited powers must

---

[2] The Plaintiffs filed a written response to the City's plea to jurisdiction on July 31, 2014.  CR 26 *et seq.*

5

determine its own jurisdiction in the first instance." *Lindsey v. Luckett*, 1857 WL 5285, 1 (Tex. 1857); *Meyer v. Young*, 545 S.W.2d 37, 39 (Tex. Civ. App. – Austin 1976, no writ). The trial court necessarily made a determination that is had subject matter jurisdiction when it issued the temporary injunction orders. *A.V.A. Services, Inc. v. Parts Industries Corp*., 949 S.W.2d 852, 856 (Tex. App.–Beaumont 1997, no writ) ("Every court of limited powers must determine its own jurisdiction in the first instance, and it does so when it assumes to hear and determine a case or when it refuses to hear and determine a cause.")

To the extent that the Homeowners' Brief suggests that the City's action in the trial court somehow constituted a waiver of the jurisdictional issue, they are wrong. "Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties." *Texas Ass'n of Business v. Texas Air Control Bd*., 852 S.W.2d 440, 445 (Tex. 1993).

The trial court determined that it had subject matter jurisdiction over the Homeowners' takings claims when it issued orders temporarily enjoining the enforcement of the City's ban on short-term rentals. That determination was in error because the Homeowners failed to demonstrate the existence of a viable takings claim against the City.

**C.** **The employment of land use regulations to protect residential areas from incompatible commercial use is a valid exercise of the police power and not an act of bad faith.**

The Homeowners' arguments suggest that it is improper for a City to regulate land uses to protect its existing residential areas from the negative effects associated with commercial activities. To the contrary, both the United States Supreme Court and the Texas Supreme Court have upheld the use of governmental land use regulations for exactly that purpose. *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 390, 47 S.Ct. 114, 119 (1926) (upholding zoning ordinance that excluded apartment houses, business houses, retail stores, and shops from residential district); *Lombardo v. City of Dallas*, 124 Tex. 1, 9-12, 73 S.W.2d 475, 478-79 (Tex. 1934) (upholding zoning ordinance that excluded gasoline filling stations from residential district). "Zoning regulation is a recognized tool of community planning, allowing a municipality, in the exercise of its legislative discretion, to restrict the use of private property." *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex.1982). "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law. As long recognized some values are enjoyed under an implied limitation and must yield to the police power." *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 413, 43 S.Ct. 158, 159 (1922).

The Mayor testified about the noise, parking and trespass problems that the City's residents experienced related to short-term rentals, stating that these problems were more prevalent in short-term rentals than with other single-family homes. 8/1/14 RR1 p. 72 lines 3-5; p. 73 lines 21-24; p. 78 line 10 (noise and disturbance issues); p. 86 line 21; p. 87 line 14; p. 89-90. In addition to the parking, noise and trespass issues related to short-term rentals:

> According to most of the community, it – it actually devalues your property if you want to sell a residence and somebody comes to look at your residence and they lease a property that was leased to one family and 15 people show up and you're trying to sell your property, and they don't know that it's a rental property and is there that many people living in the house, people parked all over the streets, blocking access to their homes … .

8/1/14 RR1 p. 74 lines 13-21.

The residential character of a neighborhood may be threatened when a significant number of homes are occupied not by permanent residents but by a stream of tenants staying a weekend, a week or even 29 days.[3] The City's prohibition of short-term rentals was a valid exercise of police power.

---

[3] *See Ewing v. City of Carmel-By-The-Sea*, 234 Cal. App. 3d 1579, 1591 (1991).

**D.** **The Homeowners' takings claims are not viable because they cannot establish the existence of an investment backed expectation in the right to rent their homes for periods of less than thirty days.**

The Homeowners concede that their takings claims are asserted under *Penn Central* and they seek to demonstrate that the City's prohibition on short-term rentals constitutes an unreasonable interference with their right to use and enjoy the single-family homes they own in the City. In order to establish a viable *Penn Central* takings claims, the Homeowners must demonstrate the existence of a "reasonable investment-backed expectation" that they would have the right to rent the single-family residences they purchased in the City for periods of thirty days or less. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 937-938 (Tex. 1998). Without a "reasonable investment-backed expectation" their takings claims must fail as a matter of law. *Id*.

It is undisputed that the only investment that the Homeowners made was to purchase an existing single-family home in the City. There are no allegations or evidence that they paid a premium above the normal market price for single-family homes in the City because they planned to offer the homes for short-term rental, or that they made significant modifications to the homes to ready them for short-term rental. They made the same investment in purchasing their homes as did others who had no intention of offering their homes for short-term rental. Thus they made no separately identifiable investment in the expectation that they could

engage in short-term rentals and, as a consequence, they do not have a viable takings claim.

A reasonably prudent investor would also recognize that such an investment is not without some regulatory risk. As noted above, "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law. As long recognized some values are enjoyed under an implied limitation and must yield to the police power." *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 413, 43 S.Ct. 158, 159 (1922).

The evidence here is that the Homeowners' properties were constructed and used as single family homes, and that they are located in neighborhoods in which over 95-98% of the homes are used for single family residences. 8/1/14 RR p. 75 lines 13-15. The Changs purchased their home in July 2012, after the City adopted a zoning ordinance not allowing hotels in residential districts. Neither the Changs nor Hill paid hotel taxes on their properties prior to City's adoption of the 2014 Ordinance. The Changs testified that they submitted taxes for 2013 & 2014 on July 14, 2014. 8/1/14 RR1 pgs. 118, 139. Hill never paid state or local hotel taxes on her property. 9/30/14 RR1 p. 34. Neither the Changs nor Hill paid a premium to use their single family residences as hotels. The Homeowners had no investment backed expectation that they could rent their properties for periods less than 30 days.

**E.** **The Homeowners' takings claims are not viable because they cannot establish that any economic impact of the regulations is sufficiently severe to constitute a taking.**

There are no allegations or evidence that the enforcement of the City's ban on short-term rentals had any economic impact on the value of the single-family residences at issue, much less an impact that was sufficiently severe to constitute a taking. *See Taub v. City of Deer Park*, 882 S.W.2d 824, 826 (Tex. 1994) (sufficiently severe economic impact can constitute a taking); *Mayhew v. Town of Sunnyvale*, 64 S.W.2d 922, 937 -938 (Tex. 1998). The Homeowners do not dispute that each of their properties is located in a residential neighborhood and a district zoned for use as a detached, single-family residence, that each property was constructed, occupied and used as a single-family residence. Appellant's Brief at 5. Further, the Homeowners do not dispute that their properties are, after the adoption of the City's ordinances prohibiting short-term rentals, worth as much or more than they paid for their properties in 2007 and 2012, respectively. Appellant's Brief at 8-9, 13; 8/1/14 RR1 p. 125 lines 12-17; p. 126 (Changs); 9/30/14 RR1 p. 36 lines 5; p. 37 line 15. "A regulatory taking is a condition of use "so onerous that its effect is tantamount to a direct appropriation or ouster." *City of Houston v. Carlson,* --- S.W.3d --- * 3 (Tex. 2014), *citing Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 537 (2005). The Homeowners' takings claims are not

viable because they cannot establish that any economic impact of the regulations is sufficiently severe to constitute a taking.

### F. The Homeowners' request for declaratory relief is not justiciable.

The Homeowners assert that the Court has jurisdiction under the Declaratory Judgment Act because their "damages are actual and ripe for judicial determination." Appellees' Brief at 13. The Homeowners cannot, however, present any authority to rebut that their single request for declaratory relief, a "declaration that the Plaintiffs' property have been wrongfully taken (inverse condemnation) by Defendant", is not justiciable because it merely restates their taking claim. *Texas Parks and Wildlife Dept. v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011) ("[S]overeign immunity will bar an otherwise property DJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived sovereign immunity); *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.3d 838 (Tex. 1990) (DJA not available to settle disputes already pending before a court); *De Mino v. Sheridan*, 176 S.W.3d 359, 368 (Tex. App.— Houston [1st Dist.] 2004, no pet.) (dismissing declaratory relief that recasts defamation claim). The Homeowners' request for declaration that the City has taken their property is not justiciable.

**G. The Homeowners' suffer no irreparable injury to a vested right justifying injunctive relief.**

The Homeowners argue that their trial court had authority to enjoin the City's penal ordinances because the Homeowners have alleged a taking of a "personal and property right". Appellees Brief at 14-15. The Homeowners do not show, however, any irreparable injury to any vested property right. There was no evidence that the enforcement of the ban on short-term rentals would have any material effect on the value of the single-family residences owned by the Plaintiffs and the only alleged damages were money damages that would be reparable by a damage award.

The Homeowners also do not provide any authority that they have a vested right in the hotel operations they seek to protect, but they argue instead that the *Braskey*[4] case relied upon by the City is inapplicable because, unlike the plaintiff in *Braskey*, they assert a takings claim. *Id.* Texas courts have consistently held that there is no vested property right to engage in a particular business, or to engage in business in a particular manner, without restrictions. *See, e.g., Kemp Hotel Operating Co. v. City of Wichita Falls*, 170 S.W.2d 217, 219 (Tex. 1943) (no vested property right in hauling garbage); *City of Houston v. Guthrie*, 332 S.W.3d 578 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (no vested property rights

---

[4] *City of La Marque v. Braskey*, 215 S.W.3d 861 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

in fireworks stands);  *City of La Marque v. Braskey, supra (*no vested property right to operate shelter*)*; *Hang On III, Inc. v. Gregg County,* 803 S.W.2d 724, 726 (Tex. App.—Texarkana 1995, writ dism'd by agr.) (no vested property right in sexually oriented business).

The Homeowners failed to demonstrate an irreparable injury to a vested property right:  the Homeowners have no viable takings claim against the City.

### III.
### Conclusion and Prayer

Under the undisputed jurisdictional facts, the Plaintiffs Milton and Maria Chang and Angelia Hill cannot establish a viable takings claim against the City. For that reason, the City respectfully requests that the Court reverse the trial court's order granting the Plaintiffs' injunctive relief for want of subject matter jurisdiction.

Respectfully submitted,

By:    /s/Scott Bounds

Scott Bounds
State Bar No. 02706000
sbounds@Olsonllp.com
John J. Hightower
State Bar No. 09614200
jhightower@Olsonllp.com
**OLSON & OLSON, L.L.P.**
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone: (713) 533-3800
Facsimile: (713) 533-3888

**ATTORNEYS FOR DEFENDANT VILLAGE OF TIKI ISLAND, TEXAS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Appellant's Reply Brief has a word count of 2,968.

/s/ Scott Bounds
Scott Bounds

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties to this appeal, through their respective counsel of record, on January 14, 2015 as follows:

**ATTORNEYS FOR APPELLANT**

George D. Martin
State Bar No. 13064000
gmartin1100@aol.com
Carlos Garza
State Bar No. 07730900
cgarza3200@aol.com
MARTIN, GARZA & FISHER, L.L.P.
1100 Rosenberg
Galveston, Texas 77550
Telephone No.: (409) 765-5705
Facsimile No.: (409) 765-7570

/s/ Scott Bounds
Scott Bounds