R. A. Allen et al. v. R. A. Hall.

Decided January 2, 1901.

1.—Jurisdiction of Court of Civil Appeals—Appeal from County Court—Amount.

The Court of Civil Appeals has no jurisdiction in a case originating in the justice court where the amount in controversy and the amount for which the judgment was rendered is less than one hundred dollars, although the county court may have erroneously dismissed the appeal thereto from the justice court. Following Railway v. Rowley, 22 Southwestern Reporter, 182.

2.—Same—Cases Reviewed.

Williams v. Sims, 4 Willson Con. Cases, section 151, and Loper v. State, 17 Southwestern Reporter, 1090, not followed, and Pevito v. Rodgers, 52 Texas, 581, held not to be in conflict with the ruling in this case.

Appeal from the County Court of El Paso. Tried below before James R. Harper.

*Maurice McKelligon* and *Patterson & Buckler,* for appellants.

FLY, Associate Justice.—This suit was instituted in the Justice Court against C. A. Green, R. A. Allen, and B. F. Darbyshire, by appellee to recover the sum of $25.70 on an open account. The trial in that court resulted in a judgment in favor of appellee for the amount sued for. From that judgment R. A. Allen and B. F. Darbyshire appealed, and the appeal was dismissed from the County Court because the bond was not made payable to C. A. Green, a codefendant, as well as to the plaintiff.

This court has no jurisdiction in this case, because the amount in controversy and the amount for which the judgment was rendered is less than one hundred dollars. In article 996, Revised Statutes, it is provided that the courts of civil appeals shall have appellate jurisdiction of civil cases of which the county court has appellate jurisdiction when the judgment or amount in controversy or the judgment rendered shall exceed one hundred dollars, exclusive of interest and costs. The statute is too clear to admit of a doubt as to its meaning, and under its provisions in no case in which the amount involved is less than one hundred dollars can an appeal be prosecuted to the Court of Civil Appeals from a county court, whether the case was tried de novo or not. Railway v. Rowley (Texas Civ. App.), 22 S. W. Rep., 182.

We are cited to the cases of Williams v. Sims, 4 Willson Civil Cases, sec. 151; Loper v. State, 17 Southwestern Reporter, 1090, and Pevito v. Rodgers, 52 Texas, 581, as sustaining the proposition that "where the county court has erroneously dismissed an appeal from the justice court, an appeal will lie to the Court of Civil Appeals, without any regard to the amount in controversy." That proposition is sustained by the first two opinions above cited, which were rendered by the Court of Appeals, and in which the case of Pevito v. Rodgers is cited as sustaining the position therein taken. That case, however, does not sustain them.

The error seems to have arisen from an erroneous syllabus of the case. As said by the Court of Civil Appeals in Railway v. Rowley, above cited: "A perusal, however, of the opinion itself in Pevito v. Rodgers shows unquestionably that the amount involved, and the amount of the judgment rendered in the Justice Court, from which the appeal was prosecuted to the County Court, and was thence dismissed, exceeded $100. The case was thus brought clearly within the provision already set out, fixing the jurisdiction of the Court of Appeals, and could not properly be cited to sustain the view heretofore adjudged by that court."

Because this court has no jurisdiction of the appeal, it is dismissed.

*Dismissed.*

Application for writ of error dismissed by the Supreme Court.