### KERLIN v. BASSETT.

(Court of Civil Appeals of Texas. Amarillo. Dec. 7, 1912.)

FORCIBLE ENTRY AND DETAINER (§ 43*)—REVIEW—JURISDICTION—COURT OF CIVIL APPEALS.

Under Rev. Civ. St. 1911, art. 3962, providing that, when an action of forcible entry and detainer is appealed to and tried by the county court, the judgment of that court shall be conclusive, unless the damages recovered exceed $100, an appeal in such an action will not lie from a county court judgment dismissing an appeal from a justice's judgment allowing no damages.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 169–182; Dec. Dig. § 43.*]

Appeal from Crosby County Court; Pink L. Parish, Judge.

Action by Julian Bassett against J. R. Kerlin. From a judgment dismissing defendant's appeal to the county court, he appeals. Dismissed.

Lloyd A. Wicks, of Ralls, and W. D. Benson and W. H. Bledsoe, both of Lubbock, for appellant. J. W. Burton, of Crosbyton, for appellee.

HUFF, C. J. Appellee files his motion herein to dismiss this appeal on the ground that this court has no jurisdiction, for the reason that this is a forcible entry and detainer proceeding, originating in the justice of the peace court for damages in a sum not exceeding $100. Appellee brought his action of forcible detainer before the justice of the peace against appellant, and obtained judgment in that court. Appellant sought to appeal from the judgment so obtained to the county court of Crosby county. That court dismissed his appeal because the appeal bond was not filed within five days after obtaining judgment, and from the judgment of dismissal in the county court appellant appeals to this court. The judgment in the justice of the peace court or in the county court did not award damages in any sum.

We think the motion should be sustained and the cause dismissed because this court has no jurisdiction of the appeal (Revised Statutes 1911, art. 3962; Yarbrough v. Jenkins, 3 Willson, Civ. Cas. Ct. App. § 464; Lane v. Jack, 61 S. W. 422; Stein v. Stely, 32 S. W. 861; Allen v. Hall, 25 Tex. Civ. App. 178, 60 S. W. 586), and it is so ordered.