2025 Tex. Bus. 47



THE BUSINESS COURT OF TEXAS
ELEVENTH DIVISION

| | | |
|---|---|---|
| OWL ASSETCO I, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Cause No. 25-BC11A-0052 |
| | § | |
| EOG RESOURCES, INC., | § | |
| | § | |
| *Defendant.* | § | |

**OPINION AND ORDER**

### *Syllabus*[*]

The Court addresses whether the Texas Legislature's amount-in-controversy threshold reduction gives the Texas Business Court jurisdiction to hear a previously remanded action and whether the subsequent removal of the action was proper and timely. The Court examines the statutory construction of House Bill 40 and determines removal was both proper and timely under Texas Government Code 25A.006(f).

---

[*] The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

**OPINION**

¶ 1    Before the Court is Plaintiff OWL AssetCo1, LLC ("OWL")'s Motion to Remand ("Second Remand Motion"), filed October 3, 2025, challenging the Court's authority to hear this case. Defendant EOG Resources, Inc. ("EOG") filed its Response in Opposition to OWL AssetCo 1, LLC's Motion to Remand ("EOG's Resp. to Second Remand Motion") on October 24, 2025. OWL filed its Reply in Support of Motion to Remand on November 7, 2025. The Court held a hearing on the Second Remand Motion on November 19, 2025. As stated at the hearing and further discussed below, the Court concludes that removal is proper under Subsection 25A.006(f) of the Texas Government Code, and that it has jurisdiction to hear this case under the newly reduced jurisdictional threshold. Accordingly, OWL's Second Remand Motion is **DENIED**.

## I.    BACKGROUND[1]

### A. The Parties

¶ 2    OWL is a service company that "provides water-related services to oil and gas producers in New Mexico, Texas, Colorado, Wyoming, and Ohio." OWL Original Petition ("Orig. Pet.") at 2. EOG is "an exploration and production company that produces oil and gas in the Permian and Delaware Basins in New Mexico." EOG's Resp. to Present Remand at 2. In December 2019, EOG and OWL entered into a contract concerning the transportation and disposal of produced water in and around Eddy County, New Mexico. *Id.*; *see* Orig. Pet. at 14-15. On April 9, 2025, OWL filed a breach of contract action against

---

[1] For a more detailed account of the parties' relationship, the dispute, and the procedural history of this case, see this Court's prior opinion granting OWL's first motion to remand. *OWL AssetCo 1, LLC v. EOG Res., Inc.*, 2025 Tex. Bus. 30, ¶¶ 1-9, 2025 WL 2306527, at *1 (Tex. Bus. Ct. [8th Div.] Aug. 11, 2025).

EOG in the 152nd District Court of Harris County, Texas. OWL claims, *inter alia*, EOG did not ensure the produced water met the contract's specifications and it seeks indemnification for associated property damages. *See* Orig. Pet. at 15-17.

### B. First Removal and First Remand

¶ 3    EOG filed its initial Notice of Removal to Business Court ("First Removal Notice") on May 12, 2025, claiming the Business Court had jurisdiction to hear the matter under Section 25A.004(d)(1) and (e) of the Texas Government Code. *See* First Removal Notice at 1-3. OWL filed its Motion to Remand ("First Remand Motion") on June 9, 2025, arguing OWL could not satisfy the Court's $10 million amount-in-controversy threshold. *See* First Remand Motion at 3, 6-11. OWL argued, specifically and in pertinent part, that the Court lacked jurisdiction because (1) OWL sought oil-spill remediation damages of approximately $8.22 million, and (2) the amount in controversy is determined solely by its claims against EOG. *Id*. Ultimately, the Court agreed with OWL and granted its First Remand Motion on July 25, 2025. *See OWL AssetCo 1, LLC,* 2025 Tex. Bus. 30, ¶¶ 19-20, 2025 WL 2306527, at *4-5.

### C. House Bill 40

¶ 4    After EOG filed its First Removal Notice, the Texas Legislature enacted House Bill 40 ("H.B. 40"). The bill lowered the amount in controversy from $10 million to $5 million for actions arising out of qualified transactions under Government Code §25.004(d)(1). *See* Act of June 1, 2025, 89th Leg., R.S., Ch. 912, §45, sec. 25A.004(d)(1), 2025 Tex. Sess. Law Serv. 912 (to be codified as an amendment to Tex. Gov't Code 25A.004(d)(1)). The change in law took effect on September 1, 2025, and, except for

circumstances not existing here, applies to all cases filed on or after September 1, 2024. *Id.* §§ 56, 72-73.

### D. Second Removal and Second Remand

¶ 5    Two days after H.B. 40's effective date, on September 3, 2025, EOG filed its Second Removal Notice. In its second notice, EOG claims the Business Court now has jurisdiction over the action pursuant to Sections 25A.001(14)(A) and 25A.004(d)(1) of the Government Code and the action meets H.B. 40's newly enacted amount-in-controversy threshold. *See* Second Removal Notice at 3, 5. On October 3, 2025, OWL filed the currently pending Second Remand Motion. OWL asserts two reasons for prevailing:

> (1) EOG's removal was improper because a change in the law is not the discovery of "facts establishing the Business Court's jurisdiction," and

> (2) EOG did not discover any new case-related facts within 30 days of H.B 40's effective date because EOG has long-known the amount in controversy exceeds $5 million.

*See* Second Remand Notice at 6-8, 9.

## II.    LEGAL STANDARDS

### A. Subject Matter Jurisdiction

¶ 6    Subject-matter jurisdiction "[i]nvolves a court's power to hear a case." *Tellez v. City of Socorro*, 226 S.W. 3d 413 (Tex. 2007). It exists "when the nature of the case falls within the general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate." *Diocese of Galveston-Hous. v. Stone*, 892 S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (citing *City of El Paso v. Madero Development*, 803 S.W.2d 396, 399 (Tex. App.—El Paso 1991, writ denied)). When

interpreting a statute, courts generally "'rely on the plain meaning of the statute's words' to discern legislative intent." *Aleman v. Tex. Med. Bd.*, 573 S.W.3d 796, 802 (Tex. 2019) (citing *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)). It is a bedrock principle that if a case can be "decided according to the statute itself, it must be decided by the statute itself." *Bank Direct Cap. Fin. LLC v. Plasma Fab, LLC*, 519 S.W. 3d 76, 78 (Tex. 2017). The truest manifestation of what lawmakers intended is what they enacted because the Legislature "expresses its intent by the words it enacts and declares to be the law." *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006); *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011).

### B. Removal and Remand

¶ 7     Section 25A.006 of the Government Code establishes the procedure and grounds for removal to the Business Court. Specifically, Section 25A.006(d) permits a party to an action filed in a district court or county court at law to remove the action to the Business Court if the action is within the Court's jurisdiction. TEX. GOV'T CODE. § 25A.006(d). If removal is opposed, a party must file its removal notice within 30 days after the party discovered, or reasonably should have discovered, facts establishing the Business Court's jurisdiction. *Id.* § 25A.006(f)(1). After removal, if the Business Court decides it does not have jurisdiction of the action, the statute commands the Court to remand the action to its originating court. *Id.* 25A.006(d).

¶ 8     Texas Rule of Civil Procedure 355 is the statute's counterpart and addresses both removal and remand. In pertinent part, Rule 355 provides a contested notice of removal must be filed "within 30 days after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's authority to hear the action." TEX. R. CIV. P. 355(c)(2)(A). Paralleling the Government Code, Rule 355 requires the Court to remand an action if it determines, on motion or its own initiative, that removal was improper. TEX. R. CIV. P. 355 (f)(2). It also permits a party to move for remand based on an improper removal. *Id.*

### III.    DISCUSSION

¶ 9     EOG is sound in its plain-meaning interpretation of H.B. 40's jurisdictional establishment and it properly removed the action to this Court. As stated above, removal is proper when done not later than 30 days after a party discovered or reasonably should have discovered, facts establishing the Business Court's jurisdiction over the action. *See* TEX. GOV'T CODE § 25A.006(f). In construing a statute, a court's "primary objective" is to determine legislative intent which, when possible, is discerned from the plain meaning of the words chosen by the legislature. *In re Estate of Nash,* 220 S.W.3d 914, 917 (Tex. 2007). Courts interpret statutes by following the rules of grammar and common usage. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019) (citing TEX. GOV'T CODE § 311.011(a)); *see also In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007).[2] In determining a statute's plain meaning, courts often consider the term's dictionary

---

[2] Grammar rules are crucial to the proper construction of statutory language. *Malouf v. State ex rels. Ellis*, 694 S.W.3d 712, 725 (Tex. 2024) (citing *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 132 (Tex. 2018)).

definition and usage in other statutes, court decisions, and other authorities. *See Tex. State Bd. of Exam'r of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017) (citing *Epps v. Fowler*, 351 S.W.3d 862, 866 (Tex. 2011)); *see also Fort Worth Transp. Auth v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018). If the statutory language is ambiguous or leads to absurd results, a court can consider extratextual factors such as the object sought to be attained, the legislative history, and the consequences of a particular construction. *See Ex parte Perry*, 483 S.W.3d 884, 903 (Tex. Crim. App. 2016); TEX. GOV'T CODE § 311.023.

¶ 10    In the instant matter, the Court adheres to the plain meaning of Section 25A.006(f)(1)(B) and finds the legislative intent of H.B. 40 unambiguous. At issue here are the parties' varied interpretation of the words "discover" and "facts" in Section 25A.006(f)(1)(B). While OWL argues the "statutory requirement that 'facts' must be 'discovered' [] confirms that changes in law do not trigger a right to remove," the Court disagrees. Second Remand Motion at 7 (emphasis omitted). The Court first considers the context of the "facts" requirement.

### A. Owl's focus on "facts" in the abstract overlooks "establishing the business court's jurisdiction over an action."

¶ 11    H.B. 40's reduction of the amount-in-controversy threshold from $10 million to $5 million is a "fact" sufficient to establish this Court's jurisdiction. In promulgating the removal timelines in Section 25A.006(f), the Texas Legislature used a present-participial phrase that restricts "facts" to those capable of performing the described act—

"establishing the business court's jurisdiction over an action." *See D.A. v. Tex. Health Presbyterian Hosp. of Denton*, 514 S.W.3d 431, 435 (Tex. App.—Fort Worth 2017), *rev'd on other grounds*, 569 S.W.3d 126 (Tex. 2018) ("Participial phrases are those which combine the characteristics of a verb with those of an adjective by taking the base form of a verb, such as 'arise,' and adding -ing to the end. These phrases function exactly like adjectives—describing, or limiting, a noun or pronoun and often answering which, what kind, or how many."). The participle "establishing" is the present participle of the transitive verb "establish," meaning "to bring into existence."[3] In Section 25A.006(f)(1)(B), it functions adjectivally; in effect, the statute requires "facts that establish the business court's jurisdiction over an action." *See Ex parte Flores*, 483 S.W.3d 632, 644 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (entire present participial phrase "having a common identifying sign or symbol or an identifiable leadership" served to limit the noun "persons" like an adjective). "Establishing" does not take "jurisdiction" or "an action" in the abstract; it takes "the business court's jurisdiction over an action" unitarily, as its restrictive relative clause. *See A.S. Horner, Inc. v. Navarrette*, 656 S.W.3d 717, 722–23 (Tex. App.—El Paso 2022, no pet.) (phrase "who constructs or repairs . . . for the Texas Department of Transportation" serving to limit "contractor"). Thus, if any

---

[3] In a statutory context, transitive verbs do not act without a direct object. *See O'Brien v. State*, 544 S.W.3d 376, 387 (Tex. Crim. App. 2018) ("commit(s)" in TEX. PEN. CODE § 71.02 is a transitive verb that requires a direct object to function); *see also Halferty v. Flextronics Am., LLC*, 545 S.W.3d 708, 713-14 (Tex. App.—Corpus Christi-Edinburg 2018, pet. denied) (holding that the verb "provide" in TEX. LAB. CODE § 406.123 means "supply or make available" and thus presupposes a direct object—something to be supplied or made available). Thus, "establish" likewise requires a direct object. *See Jefferson v. State*, 189 S.W.3d 305, 314 (Tex. Crim. App. 2006) (Cochran, J., concurring) (essential statutory elements include the subject (defendant); the main verb ("causes"); and for transitive verbs, their direct objects ("serious bodily injury")). The same rule applies to present-participial and gerund forms of transitive verbs. *See Dunham v. State*, 554 S.W.3d 222, 232-33 (Tex. App.—Houston [14th Dist.] 2019), *aff'd*, 666 S.W.3d 477 (Tex. Crim. App. 2023).

portion of that restricting unit drops out—if the Court lacks jurisdiction or there is no action—then the 30-day removal period cannot begin running.[4]

¶ 12   The Business Court outlined this principle when it addressed a similar interpretation issue in *Safelease Ins. Services LLC v. Storable, Inc.*, 2025 Tex. Bus. 6, 707 S.W.3d 130 (3rd Div. 2025).  There, the Court held that the removal period is not triggered solely by the removing party's knowledge of facts that may satisfy the Business Court's jurisdictional threshold.  *Id.* at ¶ 8-10, 132-33.  Rather, the 30-day removal deadline in Section 25A.006 "pivot[s] on the discovery of facts 'establishing the business court's jurisdiction to hear the action.'"  *Id.*  And because there was no "action" for the court to exercise jurisdiction over, the clock never started.  *Id.* at ¶ 10-11, 133-34.  In this case, Owl argues that swapping one missing piece for another—jurisdiction out, action in—should still start the clock.  It does not.

¶ 13   The Court follows *SafeLease*'s logic and will not impose an undue burden on the parties that they must learn novel information prior to filing a notice of removal to the Business Court.  In this matter, no set of facts could establish this Court's jurisdiction over this action before the implementation of H.B. 40's lower amount-in-controversy threshold.

---

[4] *See Malouf*, 694 S.W.3d at 722-23 (Tex. 2024) (reading a word out of a restrictive clause renders it impermissibly superfluous).

**B. Legislative intent is evident by H.B. 40's retroactive application to all cases filed in the Business Court**

¶ 14    The Court examines "discovery" through the lens of legislative intent and finds the legislature's intent of H.B. 40 is evident by its retroactive application to all cases filed in the Business Court since the Business Court's inception.  Courts cannot establish jurisdiction over matters absent statutory or constitutional grant.  *See In re Doe (Trooper)*, 444 S.W.3d 603, 608 (Tex. 2014) (state district court cannot order discovery for copyright claim, as such matters fall exclusively within federal jurisdiction).  EOG could not discover facts establishing this Court's jurisdiction over the action until H.B. 40 lowered the amount-in-controversy threshold and brought the action back into the Court's purview. *Black Mountain SWD, LP v. NGL Water Sols. Permian, LLC*, 2025 Tex. Bus. 24, ¶¶18-20, 30-31, 718 S.W.3d 281, 288-89, 291–92 (8th Div. 2025) (allegations falling below the Business Court's required amount in controversy preclude its jurisdiction).

¶ 15    EOG sufficiently "discovered" this information upon H.B. 40's enactment and it promptly filed its Second Removal Notice two days after H.B. 40's effective date. Said differently, EOG timely removed this action once the lowered amount in controversy established the Court's authority to hear it.  To conclude otherwise would contradict the Legislature's intent and effectively dissuade parties from removing cases with less than $10 million in controversy to the Business Court.

## IV. CONCLUSION

¶ 16    For these reasons, the Court finds that EOG's removal was both proper and timely. OWL's Second Remand Motion is **DENIED**.


SO ORDERED.

_____
JERRY D. BULLARD
Judge of the Texas Business Court,
Sitting by Assignment

SIGNED: December 5, 2025.